RYAN, *Appellant,*
*v.*
OHM, *Respondent.*
(No. A7703-04113, CA 11340)

593 P2d 1296

R. Bruce Dusterhoff, Portland, argued the cause for appellant. With him on the brief were Day, Prohaska & Case, P.C., Portland.

Rudy R. Lachenmeier, Portland, argued the cause and filed the brief for respondent.

[947]

Before Schwab, Chief Judge, and Thornton, Gillette, and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Plaintiff appeals, assigning as error the trial court's exclusion from evidence, as an admission against interest, of defendant's prior plea of guilty to a charge of Violation of the Basic Rule, ORS 487.465.[1] The resolution of this case requires that we reconcile two seemingly contradictory statutes: ORS 41.905(2), which on its face permits the admission of the guilty plea for the purpose sought; and ORS 484.395(2), which requires the exclusion of the guilty plea.[2]

ORS 41.905(2) provides:

"A plea of guilty by a person to a traffic offense may be admitted as evidence in the trial of a subsequent civil action arising out of the same accident or occurrence as an admission against the interest of the person entering the plea, and for no other purpose."[3]

This statute was part of Oregon Laws 1975, ch 542, which was a legislative response to *Meyers v. Burwell,*

---

[1] At the time of the accident giving rise to this case, ORS 487.465 provided in pertinent part:

"(1) A person commits the offense of violating the basic speed rule if he drives a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway, the hazard at intersections, weather, visibility and any other conditions then existing.
"* * * * *
"(3) Violating the basic speed rule is a Class C traffic infraction."

[2] Oregon Laws 1975, ch 451, § 140 (codified at ORS 484.3) was approved by the Governor June 27, 1975, filed with the Secretary of State June 27, 1975, and became effective July 1, 1976. Oregon Laws 1975, ch 542, § 1, (codified at ORS 41.905) was approved by the Governor June 30, 1975, filed with the Secretary of State July 1, 1975, and became effective immediately upon passage.

[3] The remaining parts of ORS 41.905 provide:

"(1) A judgment of conviction or acquittal of a person charged with a traffic offense is not admissible in the trial of a subsequent civil action arising out of the same accident or occurrence to prove or negate the facts upon which such judgment was rendered.
"* * * * *
"(3) Evidence of forfeiture of bail posted by a person as a result of a charge of a traffic offense shall not be admitted as evidence in the trial of a subsequent civil action arising out of the same accident or occurrence."

[949]

271 Or 84, 530 P2d 833 (1975), and *Bahler v. Fletcher*, 257 Or 1, 474 P2d 329 (1970). Prior to *Meyers* and *Bahler* a plea of guilty to a violation of a statute was admissible as an admission against interest in a subsequent civil proceeding. *Hazard v. Salles*, 222 Or 559, 353 P2d 548 (1960). A prior conviction of a crime, however, could not be used in a subsequent civil action to prove the facts upon which it was rendered. *Jenkins v. Jenkins*, 103 Or 208, 204 P2d 165 (1922). The rationale of this rule was that, since both parties to the civil case were not bound by the outcome of the criminal case, it was regarded as unfair to bind the convicted person by the outcome. *Bahler v. Fletcher, supra,* 257 Or at 5. *Bahler* changed the rule cited in *Jenkins v. Jenkins*, by eliminating the necessity of mutuality in the application of the doctrine of collateral estoppel. *Meyers v. Burwell* involved a suit for damages arising out of a collision between the plaintiff's motorcycle and a car driven by the defendant. The defendant had previously been convicted of driving his car on the wrong side of the road. Noting the change in the law wrought by *Bahler v. Fletcher*,[4] the Oregon Supreme Court held that the defendant was collaterally estopped from denying that he drove his car on the wrong side of the road. The purpose of ORS 41.905 was to reinstate by statute the law as it was prior to *Bahler v. Fletcher*, and *Meyers v. Burwell*.[5]

---

[4] In the interim between the decisions in *Bahler v. Fletcher* and *Meyers v. Burwell*, the Oregon Supreme Court also decided *Casey v. N.W. Security Ins. Co.*, 260 Or 485, 491 P2d 208 (1971). In that case, plaintiff, after running into and injuring a person with his car, was convicted of assault with a dangerous weapon. The defendant insurance company refused to defend plaintiff in the subsequent civil suit arising out of the incident, since the insurance policy excluded coverage of intentionally inflicted injuries. Plaintiff sued the insurance company for its failure to defend. The court held that the conviction collaterally estopped plaintiff from contending that the injury was inflicted accidental rather than intentionally.

[5] *See, e.g.,* Minutes, Senate Judiciary Committee, May 16, 1975.

ORS 41.905 *(3)* was not directed at the collateral estoppel problem. Rather, that subsection in essence codified the rule in *Kirkendall v. Korseberg*, 247 Or 75, 427 P2d 418 (1967) at a forfeiture of bail in a traffic case is neither the equivalent of a judgment of conviction nor a plea of guilty.

ORS 484.395 (2) provides:

"Notwithstanding ORS 43.130 and 43.160, no plea, finding or proceeding upon any traffic infraction shall be used for the purpose of res judicata or collateral estoppel, *nor shall any plea, finding or proceeding upon any traffic infraction be admissible as evidence, in any civil proceeding.*" (Emphasis added.)

In contrast to ORS 41.905(2), which applies to traffic "offenses," this statute by its terms applies only to traffic "infractions." ORS 484.350(1) provides:

"An offense defined in the Oregon Vehicle Code is a traffic infraction if it is so designated in the statute defining the offense or if the offense is punishable only by a fine, forfeiture, suspension or revocation of a license or other privilege, or other civil penalty."

Thus, traffic "infractions" are a subgroup of the more general classification traffic "offenses." At the time of the accident giving rise to this case, the offense of Violation of the Basic Rule, to which defendant pleaded guilty, was a Class C traffic infraction. *See* Oregon Laws 1975, ch 451, § 73, amended by Oregon Laws 1977, ch 882, § 50.

The legislative history of ORS 484.395(2) demonstrates that the legislature intended that guilty pleas to traffic infractions be excepted from the more general rule governing traffic offenses, which allows a guilty plea to be used in a subsequent civil proceeding as an admission against interest. ORS 484.395(2) was a subsection of Section 140 of Senate Bill 1, the revision of the Vehicle Code, which became Oregon Laws 1975, ch 451. At a March 5, 1975 hearing on Senate Bill 1 before the Senate Judiciary Committee, the following discussion occurred.

"Section 140. (Mr. DeWinter speaking) 'Jeff Barlow, our legal intern who has been working with me, did some research on this section and if you look at 5B on page 2 of the amendment; he proposes that you insert after estoppel, which is on subsection 2 and subsection 4 of Section 140, after 'collateral estoppel'

[951]

insert 'nor shall any such plea, finding or proceeding be admissible as evidence.' The reason he is suggesting this is that the bill as worded does not preclude the use of traffic infractions in some other civil or criminal proceedings simply for evidence other than, say, collateral estoppel or res judicata. It would say that you cannot bring it in for any purposes.'

" '(Senator Carson speaking) I think that is a good proposal, particularly if you want to unclog the docket. I believe in a traffic infraction often a person goes in on a traffic infraction without a lawyer because he can't afford to hire a lawyer, and yet if that infraction may have arisen out of an accident, he can end up putting himself in a position of great jeopardy without realizing it by entering a plea, and so if every person involved in an accident first went to a lawyer and were properly advised, he would be advised, I think, to plead not guilty, guilty or not, because of the tremendous side consequences, so I think it is a good proposal, so that you should handle the criminal or the traffic infraction thing in one proceeding and let the question of culpability come out in the course of the trial specifically, without being muddied up by a prior inappropriate or unfortunate act of a defendant without advice of counsel, and for different reasons. I think it's a good amendment." Tape Recording, Senate Judiciary Committee, March 5, 1975, Tape 15, Side 1

The proposed amendments, with minor nonsubstantive changes, were approved unanimously by the committee. Subsequently, the same committee considered Senate Bill 1011, Section 1 of which became ORS 41.905. Thus at the time it considered Senate Bill 1011, the committee had knowledge of the intent of the relevant language in Senate Bill 1. Nothing in the legislative history suggests that the committee perceived any inconsistency between the pertinent portions of the two bills.

■ In summary, under ORS 41.905(2), a guilty plea to a traffic offense, which is a crime, is admissible as an admission against interest in a subsequent civil action arising out of the same accident or occurrence. When

the offense is merely a traffic infraction, however, a guilty plea is inadmissible as evidence in any civil proceeding, under ORS 484.395(2). We hold that the trial court correctly excluded evidence of the defendant's guilty plea to the traffic infraction.

Affirmed.