Argued and submitted October 29, affirmed
December 24, 1979, reconsideration denied March 6,
petition for review denied March 18, 1980 (288 Or 701)

# SHANNON,
*Appellant,*

*v.*

# MOFFETT,
*Respondent.*

## (No. C77-1142, CA 13378)

604 P2d 407

[723]

Gary Gardner, Salem, argued the cause for appellant. On the brief were David W. Hittle, and Dye & Olson, Salem.

Bruce W. Williams, Salem, argued the cause for respondent. With him on the brief was Williams, Spooner & Graves, P.C., Salem.

Before Schwab, Chief Judge, and Buttler and Roberts, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Plaintiff, while a passenger in defendant's "Rogue River Jet Boat," was injured when the boat struck a gravel bar. In an administrative proceeding before the Coast Guard that resulted in suspension of defendant's Coast Guard license, it was determined that the accident was caused by defendant's negligence in operating the boat. Plaintiff then initiated this negligence action for money damages. She contended by motions for partial summary judgment and directed verdict that the prior administrative finding should, by operation of the collateral estoppel doctrine, conclusively establish defendant's liability. The trial court denied those motions and submitted the case to a jury, which returned a verdict for defendant. Plaintiff appeals.

The issue is whether, under the facts and circumstances of this case, a prior administrative determination should be used as the basis of collateral estoppel in a subsequent judicial proceeding. We conclude it should not and affirm.

The administrative proceeding was conducted pursuant to 46 USC § 239 (1976), which authorizes the Coast Guard to investigate "marine casualties and accidents" to determine whether "any licensed officer, pilot, seaman, employee, owner or agent of such owner of any vessel involved" was "guilty of misbehavior, negligence or unskillfulness" or violation of statute or regulation; and, if so, to suspend or revoke that person's Coast Guard license. 46 USC § 239 is general in nature and is implemented by detailed regulations at 46 CFR, Parts 4 and 5 (rev ed 1978).

Had this prior proceeding been in a court, it appears that the principal prerequisites to invoking collateral estoppel would be satisfied. There is an identity of issues, both generally and specifically. Generally, the issue in both proceedings was whether defendant was negligent in operating his boat. The applicable definition of negligence for purposes of the Coast Guard proceeding reads:

[725]

" 'Negligence' and 'inattention to duty' are essentially the same and cover both the aspects of misfeasance and nonfeasance. They are therefore defined as the commission of an act which a reasonably prudent person of the same station, under the same circumstances, would not commit, or the failure to perform an act which a reasonably prudent person of the same station, under the same circumstances, would not fail to perform." 46 CFR § 5.05-20(a)(2) (rev ed 1978).

This is substantially, if not exactly, the same as the general common law standard of negligence applied in Oregon judicial proceedings.

More specifically, in the Coast Guard proceeding it was concluded that defendant was negligent in three respects. Plaintiff's complaint in this action "borrowed" the language of those administrative findings to allege that defendant was negligent in the same three respects.[1]

Once identity of issues is established, the " * * * burden then shifts to the party against whom estoppel is sought to bring to the court's attention circumstances indicating the absence of a full and fair opportunity to contest the issue in the first action or other considerations which would make the application of preclusion unfair * * *." *State Farm v. Century Homes*, 275 Or 97, 105, 550 P2d 1185 (1976). Defendant's only claim that he lacked a full and fair opportunity to contest negligence in the Coast Guard proceeding is that there he only faced possible sanctions against his Coast Guard license, whereas in this case he faces

---

[1] Defendant repeatedly asserts that the issue in the administrative proceeding was imprudent navigation, not negligence. Defendant confuses what the Coast Guard calls a "charge" and a "specificiation." 46 CFR § 5.05-17 (rev ed 1978), provides:

"(a) A 'charge' is a designation of an offense in general terms. * * * A 'charge' must be supported by one or more 'specifications' * * *.

"(b) A 'specification' sets forth the facts which form the basis of the 'charge.' * * *."

The charge against defendant was negligence. The specification was that he "did * * * imprudently navigate" his boat "thereby allowing it to ground."

potential liability of $40,000. However, we know from the administrative findings that defendant was represented in that hearing by counsel who called witnesses and cross-examined adverse witnesses and that the proceeding was conducted in accordance with the Federal Administrative Procedure Act, 5 USC § 551 et seq (1976). Any proceeding conducted in that manner would seem to offer a full and fair opportunity to contest an issue, and we are not persuaded that the one difference defendant relies on for the contrary conclusion has any significance, at least in the absence of any further documentation of that claim from the administrative record.[2]

The question thus becomes whether and when collateral estoppel can run from a prior administrative determination to a subsequent judicial proceeding.

The Restatement of Judgments states that the starting point should be statutory. Administrative " * * * tribunals are created by statutes, and the question whether the decisions of a particular tribunal are binding in subsequent controversies depends upon * * * the construction of the statute creating the tribunal and conferring powers upon it." Restatement, Judgments, Introductory Scope Note at 2 (1942); *cf., Willamette View Manor v. Peet*, 252 Or 142, 448 P2d 546 (1968). However, that analysis is complicated here by the fact that the question is whether the decision of a *federal* agency is binding in a *state* court proceeding. It is far from obvious that a federal statute could dictate

---

[2] The administrative record is not included in the record in this case. All that plaintiff relies upon is the findings of fact, conclusions of law and decision and order of the Administrative Law Judge who presided over the Coast Guard hearing. Ordinarily the party asserting collateral estoppel must produce sufficient portions of the record of the prior proceeding to show what was actually decided. *State Farm v. Century Home*, 275 Or 97, 550 P2d 1185 (1976). That is because a judgment of a court, standing alone, rarely indicates what issues were actually decided.

Here, by contrast, the detailed administrative findings of fact, etc., are sufficient to show what was decided. However, in several other respects noted in the text it could have aided one litigant or the other to produce the administrative record.

the effect to be given to a federal administrative decision in a state court proceeding.

Assuming *arguendo* that a federal statute could be controlling, the parties cite no relevant federal statute. While this court is free to research a problem more fully than the parties have, and to rely on authorities not cited by the parties, we are also free not to do so. We here decline to devote the limited resources of this court to research the maze of federal statutes governing navigation and shipping.[3]

Nor are we aware of any specific Oregon statute on point. Arguably relevant Oregon legislative policy can be found in analagous statutes. ORS 137.109(2) provides:

> "If conviction in a criminal trial necessarily decides the issue of a defendant's liability for pecuniary damages of a victim, that issue is conclusively determined as to the defendant if it is involved in a subsequent civil action."[4]

ORS 484.395(2) provides:

> " * * * no plea, finding or proceeding upon any traffic infraction shall be used for the purpose of res judicata or collateral estoppel * * *."[5]

These statutes seem to reflect legislative judgments that criminal defendants will generally have opportunity and incentive to contest an issue, but that traffic

---

[3] Most of the Federal cases in this area appear to involve the question of whether Coast Guard administrative findings are *admissible* in subsequent judicial proceedings only as *some evidence* of negligence. *See Lloyd v. American Export Lines, Inc.*, 580 F2d 1179 (3d Cir), *cert den* 439 US 969, 99 S Ct 461, 58 L Ed 2d 428 (1978), *sub nom Alvarez v. American Export Lines, Inc; Complaint of American Export Lines, Inc.*, 73 FRD 454 (SDNY 1977).

Plaintiff in this case did not attempt to introduce the Coast Guard findings as evidence of negligence, and no issue of admissibility is presented here.

[4] ORS 137.109(2) codifies prior case law. *See* Comment, *The Conclusiveness of Criminal Judgments in Subsequent Civil Cases: An Expanding Role for Collateral Estoppel in Oregon*, 11 Will L J 176 (1975).

[5] *See also* ORS 41.905 and *Ryan v. Ohm*, 39 Or App 947, 593 P2d 1296, *rev den* (1979).

infraction defendants will generally not have sufficient opportunity or incentive to contest an issue.

. Defendant here contends that the Coast Guard proceeding in question is more analogous to a traffic-infraction situation, and thus we should follow or extend the policy of ORS 484.395(2), and hold collateral estoppel here inapplicable. We agree with defendant that an administrative license suspension or revocation proceeding would usually more likely be toward the infraction end of the crime versus infraction spectrum. But we know little or nothing about the importance of Coast Guard licenses, either to licensees as a class or to this defendant as an individual licensee. We are thus unwilling to base our conclusion solely on an analogy to ORS 484.395(2). Instead, we only rely on the legislative policy reflected in that statute as some indication that collateral estoppel should not be applied in this case.

When no statutes are controlling, the question of collateral estoppel running from an administrative agency to a judicial proceeding arising out of the same transaction is one of common law. Davis espouses the following approach:

" * * * The sound view is * * * to use the doctrine of res judicata [which Davis defines as including collateral estoppel] when the reasons for it are present in full force, to modify it when modification is needed, and to reject it when the reasons against it outweigh those in its favor." Davis, Administrative Law Treatise 548, § 18.02 (1958) (footnote omitted).

We think this unusually unilluminating summary is largely the product of Davis's having lumped together for consideration several rather different situations, for example: (1) when is an agency decision binding in a subsequent proceeding before the same agency? and (2) when is an agency decision binding in a subsequent proceeding before a court? Since we think these different situations can raise different policy questions, we find little guidance in a generalization said to be equally applicable to all situations.

We look instead to the specific circumstances of this case. One circumstance is a Coast Guard regulation that tells us:

> "The investigations of marine casualties and accidents and the determinations made are for the purpose of taking appropriate measures for promoting safety of life and property at sea, and are not intended to fix civil or criminal responsibility." 46 CFR § 4.07-1(b) (rev ed 1978).

We do not deem this regulation controlling for two reasons: (1) we doubt that an administrative agency has the authority—that we have assumed *arguendo* a legislative body would have—to state that its decisions must or must not be given collateral estoppel effect; and (2) the above regulation is in 46 CFR, Part 4 (rev ed 1978), entitled "Marine Investigation Regulations," and it is not clear to what extent those rules are applicable to 46 CFR, Part 5 (rev ed 1978), entitled "Suspension and Revocation Proceedings," which is what the Coast Guard actually conducted leading to the finding defendant had been negligent. We do find the above regulation to be some indication that collateral estoppel should not be applied in this case.

Another specific circumstance of this case is that the prior Coast Guard proceedings could have been conducted under rules of evidence that would be alien to Oregon's judicial system, as distinguished from proceedings under Oregon's Administrative Procedures Act, ORS ch 183. 46 CFR § 5.20-95(a) (rev ed 1978), provides:

> "In these administrative proceedings, strict adherence to the rules of evidence observed in courts is not required. All relevant and material evidence, oral or written, shall be received except that hearsay evidence shall be rejected if the declarant is readily available to appear as a witness. In deciding whether the declarant's testimony should be obtained, the importance of such evidence shall be balanced against the difficulty of producing the witness. Hearsay evidence shall be accorded such weight as the circumstances warrant, including consideration of

[730]

> whether it is opposed by other evidence. Irrelevant, immaterial and unduly repetitious evidence should be excluded."

We understand this to mean that the administrative determination that defendant was negligent could have been based wholly or largely on evidence that would be inadmissible in a court. We cannot know whether that actually did happen because neither party introduced the administrative record in this case. *See* n 2, *supra.* But we think just the possibility that it could have happened points toward holding collateral estoppel inapplicable.

Another concern is the identity of the factfinder. The administrative hearing was conducted by a single Administrative Law Judge who was the factfinder. If his decision about defendant's negligence were conclusive on the question of liability in this case, defendant would be denied the opportunity for a jury trial on that issue. That would be a significant denial, given that a jury of his peers has returned a verdict in defendant's favor. *Cf. State Farm v. Century Home, supra,* 275 Or at 108: "We are not free to disregard incongruous results when they are looking us in the eye."

Finally, there is the question of mutuality. Plaintiff was not a party to the Coast Guard proceedings and could not have been bound by them. Although mutuality is not required, it is a consideration in assessing whether it would be fair to preclude relitigation of an issue. *Bahler v. Fletcher,* 257 Or 1, 10, 19, 474 P2d 329 (1970).

In sum, we have five indications not to apply collateral estoppel in this case: the policy of ORS 484.395(2), applicable to traffic infractions; the Coast Guard regulation that says its investigations "are not intended to fix civil or criminal responsibility"; the different evidentiary rules in administrative and judicial proceedings; the impact on the right to a jury trial; and the lack of mutuality. Perhaps no one of these considerations would be controlling standing alone.

[731]

Cumulatively they persuade us the trial court was correct in submitting the question of defendant's negligence to a jury.

Affirmed.