Argued and submitted March 30, affirmed June 6, 1984

MARESH et al,
*Respondents,*

*v.*

YAMHILL COUNTY,
*Petitioner.*

(LCDC 3-83; CA A28829)

683 P2d 124

Daryl S. Garrettson, Yamhill County Counsel, McMinnville, argued the cause for petitioner. With him on the brief was John M. Gray, Jr., Assistant County Counsel, McMinnville.

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause for respondent Land Conservation and Development Commission. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Frank Josselson, Portland, argued the cause for respondents Jim Maresh, Lois Maresh, Rodney Stevens, Nancy Stevens, William Archibald, Bessie Archibald, Dick Erath, David Lett, Fred Arterberry, Martha Arterberry, Arthur Weber, Vivian Weber, John Bauers, and Sally Bauers and joined in the brief of respondent Land Conservation and Development Commission.

Before Richardson, Presiding Judge, and Warden and Young Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Yamhill County petitions for review of an order in a post-acknowledgment proceeding of the Land Conservation and Development Commission (LCDC). The order invalidated the county's Ordinance 322. Respondents filed objections with LCDC against the ordinance's rezoning of two quarry sites from an agricultural-forestry (AF) to a mineral resource (MR) designation. LCDC held, *inter alia,* that the ordinance violates Goal 5 and that the county is required and failed to take a Goal 2 exception to Goal 3 in connection with the rezoning. Although we find one of the county's argument's for reversing LCDC's ruling on the latter issue to be well taken, we find no error in connection with the Goal 5 ruling. Because one goal violation is enough to require that the ordinance be invalidated under *former* ORS 197.630 (*repealed by* Or Laws 1983, ch 827, § 59), we affirm the order.

The county's comprehensive plan and implementing legislation were acknowledged by LCDC in June, 1980. The plan assigned a quarry designation to the two sites in issue and, because the sites are in an agricultural and forestry zone, the plan contained an exception to Goals 3 and 4 to permit that designation. However, at the time of the acknowledgment, the sites were zoned AF with a quarry conditional use "overlay" designation. In late 1980, the county began a general review of the mineral resource provisions in its land use regulations and specific mineral sites. As that process progressed, the legislative review and the site review were bifurcated. In September, 1982, the county adopted Ordinances 301 and 302, which amended the plan and the zoning ordinances to establish new standards for rezoning to MR designations. Those ordinances did not deal with particular sites. Ordinance 322 was adopted on December 22, 1982, through county proceedings independent of the ones that culminated in the adoption of Ordinances 301 and 302. *See* n 2, *infra.*

A group of persons who had opposed the adoption of Ordinances 301 and 302[1] filed objections with LCDC,

---

[1] The objectors were, in some instances, persons who are also individual respondents in this appeal. Where differentiation is required, the term "respondents" will be used in this opinion to refer to the individuals, and respondent LCDC will be referred to as "LCDC." The other respondents have joined in LCDC's brief rather than making a separate written appearance.

asserting that those ordinances do not comply with the statewide land use planning goals. LCDC rejected those objections and acknowledged the ordinances on December 14, 1982. Its order states, in part:

"* * * The ordinances provide background text, goals, policies and implementing measures which, if applied in an orderly fashion, will ensure Goal compliance. Adoption of these ordinances is the first step in the County process that will ultimately result in application of zoning to individual sites. Underlying concerns of the objectors in this proceeding may again be raised as the County applies zoning to individual resource sites. However, at this time, and in the absence of specific data related to application of the MR zones, the objections are premature. Adequate safeguards exist in the County's planning framework to enable the proper balancing of resource uses and conflicting uses."

After Ordinance 322 was adopted, the respondents in this appeal filed their objections with LCDC, and a separate group (the Cohens) also filed objections. In April, 1983, LCDC issued an order rejecting the Cohens' objections. On June 6, LCDC issued its order in the present proceeding, and the county appeals.

■　　　Its first assignment is that respondents did not raise the Goal 2 exception issue in the local proceeding that led to the adoption of Ordinance 322 and that LCDC therefore erred by considering that issue. *Former* ORS 197.620(4)(a) (*repealed by* Or Laws 1983, ch 827, § 8) provided:

"Except as provided in subsection (3) of this section, neither the director nor a person appealing by filing an objection may appeal on grounds which that party did not raise in the local government proceedings leading to the final adoption."

Respondents answer that the Goal 2 issue was raised in the local proceedings that culminated in the adoption of Ordinances 301 and 302 and that the record before LCDC in the earlier appeal from the adoption of those ordinances was included in the record of this proceeding pursuant to the stipulation of the county's counsel. The county argues:

"Nowhere in the stipulation did Yamhill County's attorney stipulate that this supplemented record could be used to substitute for the requirement that the Objectors must raise their concerns in the local proceedings leading to the

final adoption of the ordinance appealed from. The supplemented record helped LCDC put into perspective the actions of Yamhill County by placing all of the information before them. It does not, however, provide a basis for ignoring the clear requirements of the statute."

Respondents reply:

"Petitioner, in effect, is arguing that it was appropriate for LCDC to look to the record of the proceedings leading to adoption of Ordinances 301 and 302 for purposes of evidentiary support for the adoption of Ordinance 322, but it was inappropriate for LCDC to look to the record for other purposes. No such qualification is stated in the stipulation of petitioner's counsel. LCDC correctly held that if the record leading to the adoption of Ordinances 301 and 302 is part of the record to be considered in reviewing the validity of Ordinance 322, then the record pertaining to the adoption of Ordinances 301 and 302 also is part of the record leading to the adoption of Ordinance 322. The objectors' objections were made on the record leading to adoption of Ordinances 301 and 302. The objections were, accordingly, made on the record leading to the adoption of Ordinance 322 as well." (Footnote omitted.)

The problem with respondents' argument is that the supplementation of the record here with the record of the adoption of Ordinances 301 and 302 does not change the fact that the earlier record shows only that the exception issue was raised in the proceeding that resulted in adoption of those ordinances, not Ordinance 322. The relevant question is whether respondents raised the issue in connection with the ordinance LCDC was reviewing, and not whether the issue was raised in an ancillary proceeding that the parties made part of the record. We agree with the county that respondents did not satisfy the preservation requirement of ORS 197.620(4)(a) and that LCDC erred by reaching the exception issue. We therefore do not consider the county's second and third assignments, which pertain to the merits of LCDC's disposition of that issue.

■ The county's final assignment challenges LCDC's conclusion that Ordinance 322 violates Goal 5. The county makes three supporting arguments, two of which are based on LCDC's opposite dispositions of the separate objections raised by the Cohens and respondents to Ordinance 322. The county

contends, first, that LCDC failed to explain the different results in the two proceedings and that a remand pursuant to ORS 183.482(8)(b)(B) is necessary; and, second, that respondents were collaterally estopped from asserting their Goal 5 objections in view of LCDC's rejection of the Cohens' Goal 5 objections. LCDC's orders in the two proceedings *suggest* that the Goal 5 issues were not the same in both and, insofar as the orders do not definitively answer the question, the county has not produced a sufficient record for us to ascertain with certainty what the Cohens' objections were. *Cf. Shannon v. Moffett,* 43 Or App 723, 727, n 2, 604 P2d 407 (1979), *rev den* 288 Or 701 (1980) (when collateral estoppel based on an administrative decision is asserted in a civil action, "the party asserting collateral estoppel must produce sufficient portions of the record of the prior proceeding to show what was actually decided"). We reject the county's collateral estoppel argument.

■　　　For similar reasons, we reject its ORS 183.482(8)(b)(B) contention. That subsection requires us to remand an agency's order if it is

> "[i]nconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency * * *."

We held in *Coats v. LCDC,* 67 Or App 504, 679 P2d 898 (1984), that ORS 183.484(4)(b)(B), the other-than-contested case analog of ORS 183.482(8)(b)(B), is applicable to LCDC's approval of a Land Use Board of Appeals' order in an appeal challenging a comprehensive plan and ordinance and that LCDC is required to explain an inconsistency between the LUBA ruling and its own ruling in a related acknowledgment proceeding. Here, unlike *Coats,* no inconsistency is apparent on the face of LCDC's orders in the two proceedings, and the record furnishes no basis for finding LCDC's actions in the two appeals to be inconsistent. *See Roth v. LCDC,* 57 Or App 611, 619-20, 646 P2d 85 (1982). All the county has succeeded in showing is that LCDC found certain Goal 5 objections to be unmeritorious and others to be meritorious. That is not enough to warrant a remand pursuant to ORS 183.482(8)(b)(B).

■　　　The county's final argument is that LCDC had no jurisdiction under *former* ORS 197.605(4) (*repealed by* Or

Laws 1983, ch 827, § 59) to conduct post-acknowledgment review of the small tract zoning map amendments that the county maintains are involved here. However, we do not agree that that is what is involved. The county chose to follow a two-stage approach to the revision of its mineral resource zoning: first, the amendment of the plan and ordinances; and second, the application of the amended standards to specific sites. It cannot now avoid LCDC review of its extensive rezoning of numerous aggregate sites on resource land[2] by classifying each rezoning as a small tract amendment that simply carries out the plan and ordinance amendments. We agree with respondents that the rezonings here are not a mere application of an amended land use regulation to small tracts; they are part of the process through which the county amended its mineral resource land use regulations. *See Woodcock v. LCDC,* 51 Or App 577, 626 P2d 901, *rev den* 291 Or 151 (1981).

Affirmed.

---

[2] Four site actions beside the two that respondents challenge were adopted through Ordinance 322, and at least three other ordinances relating to mineral site designations were enacted at or about the same time.