Argued November 15, 1977, affirmed January 23, 1978

# PINTOK, *Petitioner,*
## *v.*
# EMPLOYMENT DIVISION et al, *Respondents.*
## (No. 77-P-2431, No. 77-AB-861, CA 8836)
### 573 P2d 773

W. Bradford Jonasson, Jr., Oregon City, argued the cause for petitioner. With him on the brief was Santos and Schneider, Oregon City.

No appearance for respondent Employment Division.

No appearance for respondent Lanco Equipment Factors, Inc.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Claimant appeals from the order of the Employment Appeals Board denying him unemployment benefits on the ground that he was discharged from his employment for misconduct connected with his work. ORS 657.176(2)(a).

At the hearing on the claim the testimony of the employer, the claimant, and one other former employee was taken. The facts are basically not in dispute. Claimant, who was employed as a welder, was fired from his position when he refused to do work on a certain welding machine which he claimed caused excessive smoke. Claimant testified that he had used the machine in the past and that it caused him throat and sinus problems. He testified that he had complained to the employer about inadequate ventilation and the need for some respirators. The other former employee testified that no respirators were made available by the employer during his employment which included the period during which claimant was employed.

The employer testified that respirators were available and that no ventilation problem existed. Employer also claimed that the employer's premises were approved by OSHA several months before claimant was discharged.

The referee entered his decision denying claimant benefits. The referee's decision stated:

"CONCLUSION: Claimant was discharged for misconduct in connection with his work. The referee is in no position to judge the safety conditions of employer's premises. However, it appears that employer's premises were approved by OSHA in January, 1977. Plus, the referee believes employer's testimony that respirators were available for claimant's use which would have eliminated or reduced the smoke problem claimant complained about. Under these circumstances, claimant's refusal to perform the welding task amounts to insubordination and as such constitutes misconduct in

connection with the work under Employment Division law."

The Appeals Board adopted the referee's decision. Claimant appeals assigning two errors. First it is claimed that the referee's decision was not supported by substantial evidence.

As we have stated, only three witnesses testified. The referee is permitted to believe the employer rather than the claimant and former employee that respirators were available. If respirators were available then claimant's refusal to operate the machine in question would not be justified. Unjustified refusal to do the work directed by one's employer is misconduct connected with one's work under ORS 657.176(2)(a). This being so, the referee's decision was supported by substantial evidence.

Claimant also contends that the order of the Appeals Board cannot be upheld since it is contrary to law. Claimant relies upon ORS Chapter 654 dealing with safety and health conditions of places of employment, asserting that ORS 654.062 forbids termination of employment under the facts of this case.

ORS 654.062 reads in part:

"(1) Every employe should notify his employer of any violation of law, regulation or standard pertaining to safety and health in his place of employment when the violation comes to the knowledge of the employe.
"* * * * *

"(5)(a) No person shall bar or discharge from employment or otherwise discriminate against any employe or prospective employe because such employe has opposed any practice forbidden by ORS 654.001 to 654.295, made any complaint or instituted or caused to be instituted any proceeding under or related to ORS 654.001 to 654.295, or has testified or is about to testify in any such proceeding, or because of the exercise of such employe on behalf of himself or others of any right afforded by ORS 654.001 to 654.295.
"* * * * *."

[ 276 ]

This statute does not protect claimant under the facts of this case. ORS 654.062(5)(a) forbids termination of an employee for opposing forbidden practices and for instituting or participating in a proceeding against the employer under Chapter 654. Claimant here refused to do work requested of him. This does not constitute opposing a practice forbidden by Chapter 654.

Affirmed.