Argued and submitted April 25, reversed and remanded for reconsideration June 15, respondent's reconsideration on attorney fees allowed, award of attorney fees vacated; order awarding costs affirmed (64 Or App 845, 669 P2d 1187) October 5, 1983

EDWARDS,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION,
*Respondent.*

(82-AB-514; CA A24724)

664 P2d 1151

David C. Force, Eugene, argued the cause for petitioner. With him on the brief was Peter W. McSwain, and Malagon and Velure, Eugene.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Claimant appeals from a split decision of the Employment Appeals Board which reversed the decision of the referee and denied unemployment compensation. The issue is the effect of the receipt of workers' compensation benefits on eligibility for unemployment compensation under ORS 657.155. We reverse and remand.

EAB approved and adopted the referee's findings of fact:

"FINDINGS OF FACT: In Referee Decision 82-E-134, the referee entered the following facts which we find to be proper and complete and hereby accept as our own: '(1) Claimant worked for employer over two years and was off work after about June 15, 1981 because of an on the job injury. (2) Her job was feeding the dryer and performing clean up work at the time of the injury. (3) Claimant was released with restrictions to return to work September 21, 1981. (See Exhibit 1). (4) Because of the restrictions, claimant could not have performed her former job if such a position had been available for her at the time of her release, September 21, 1981. (See Exhibits 1, 2, and 3). (5) Doctors who examined claimant in September and October found her recovery from the injury was not yet in a stable condition. They also stated it was possible claimant would never be able to return to her former strenuous work. (6) Employer's plant where claimant worked reduced it's (sic) work force and at the time of the hearing considered claimant on layoff because of economic conditions. (7) Claimant received Worker's Compensation Benefits because of her injury. She has received such benefits for all the weeks since she was released to return to work September 21, 1981; and the amount of benefits has not changed during all the weeks she has been receiving Worker's Compensation. (8) Claimant reopened her unemployment claim and she has claimed unemployment benefits for all the weeks thereafter starting with week 46, the week that began November 15, 1981. (9) That claim expired with week 47. She filed a new claim commencing with week 48 and continued to file and claim unemployments benefits. (10) During the weeks since reopening her claim in November, 1981, claimant has been seeking work as a cashier and sales clerk, for which she has experience, and other work for which she has experience, and other work for which she is qualified. (11) The work claimant is seeking is within her medical restrictions. Also, it is available in the area where she is seeking work. (12) She is willing to accept the wages usually

paid and to work the hours and days such work is usually available where she is seeking."

EAB then said:

> "CONCLUSIONS AND REASONS: We do not agree with the referee. We find that the claimant is not eligible for benefits under ORS 657.155. Claimant clearly admits that, during the weeks in issue, she was not able to work at her regular job and was therefore receiving Worker's Compensation benefits. This raises the presumption that the claimant was not able to work as necessary under ORS 657.155 and OAR 471-30-036. The claimant has not overcome that presumption. Although she has some prior work experience as a cashier and sales clerk, her experience in that regard is minimal. The testimony clearly establishes that because of claimant's medical restrictions, she is not able to return to work with her primary employer, the Weyerhaeuser Co. As she cannot perform that work, she does not meet the requirements of the law for the weeks in issue."

The scope of our review is as for a contested case. ORS 657.282; ORS 183.482(7), (8). In order to obtain unemployment compensation, claimant must prove, among other things, that she is "able to work, available for work, and is actively seeking and unable to obtain suitable work." ORS 657.155(1)(c). We understand EAB's reasoning to be that, because claimant was receiving workers' compensation benefits during the weeks in issue, she is presumed to be unable to work. This interpretation of EAB's conclusions and reasons is consistent with the EAB dissent, which states in part:

> "The majority's decision denying the claimant benefits is based solely upon the fact that she is drawing Worker's Compensation benefits."[1]

■   First, we reject the conclusion that claimant is presumed to be unable to work because of the simultaneous receipt of workers' compensation benefits. Neither ORS 657.155 nor the applicable rule[2] create such a presumption.

---

[1] The referee also observed that the employer's principal objection was that claimant was receiving workers' compensation benefits.

[2] OAR 471-30-036 provides in part:

> "(1) In considering suitable work factors under ORS 657.190 and for purposes of determining eligibility under ORS 657.155(1)(c), the Administrator may

Evidence that a claimant is receiving workers' compensation benefits may in some cases give rise to an inference that she is unable to work, but not a presumption. *See e.g., Evjen v. Employment Division,* 22 Or App 372, 376-77, 539 P2d 662 (1975). However, before claimant can inferentially be found to be unable to work, there must exist a factual predicate that will give rise to the inference. *See, e.g., Dach v. Employment Division,* 32 Or App 433, 436, 574 P2d 684 (1978).

■ In this case, claimant's doctor released her for work on September 21, 1981, with restrictions to avoid heavy lifting. Claimant testified that she did not know the basis for the workers' compensation award. She also testified that she was receiving workers' compensation benefits and was still not "totally released by [her] doctor," presumably because she was not yet "medically stationary." In the context of the workers' compensation law, a worker receiving temporary total disability may be estopped from simultaneously claiming unemployment benefits, because it is implicit in a total disability award that a worker is unable to work. ORS 656.210. On the other hand, a worker receiving temporary partial disability under ORS 656.212, or permanent partial disability under ORS 656.214 may be "able to work." The fact that claimant may not be "medically stationary," as that term is defined,

---

require an individual to actively seek the type of work the individual is most capable of performing due to prior job experience and training except that:

"(a) If an individual is unable to secure the individual's customary type of work after contacting the potential employers in the labor market where benefits are being claimed, the Administrator may require the individual to seek less desirable but similar work or work of another type which the individual is capable of performing by virtue of experience and training;

"(b) If the type of work an individual is most capable of performing does not exist in the labor market where the individual is claiming benefits, the Administrator may require the individual to seek any work that exists in the labor market for which the individual is suited by virtue of experience and training.

"(c) After the individual has contacted the potential employers in the labor market where benefits are being claimed and is still unable to obtain work as described in subsections (a) and (b) of this section, the Administrator may require the individual to further expand work-seeking activities.

"(2) For the purposes of ORS 657.155(1)(c), an individual shall be considered able to work only if physically and mentally capable of performing work during all of the customary workweek for the type of work being sought pursuant to section (1) of this rule. However, an occasional and temporary disability for less than half the customary workweek shall not result in a finding that the individual is unable to work for the week.

"* * * * *"

does not necessarily mean that she is unable to work. ORS 656.005(17) provides:

> " 'Medically stationary' means that no further medical improvement would reasonably be expected from medical treatment, or the passage of time."

■ We do not know whether EAB concluded that claimant failed to carry her burden of proof that she was able to work, or whether on the basis of the impermissible presumption, it decided that she was unable to work. In either event, we remand for clarification of its order or in the alternative to take additional evidence by the referee, if in the interest of fairness that is considered necessary.

Reversed and remanded for reconsideration.