Argued and submitted March 21, reversed and remanded
for reconsideration June 27, 1984

STROEBEL,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(83-AB-1554; CA A29260)

683 P2d 161

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

No appearance for respondent Employment Division.

No appearance for respondent Georgia-Pacific Corporation.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant appeals from an order of the Employment Appeals Board, which reversed the decision of the referee and denied unemployment compensation. EAB's decision was based on an inference that claimant was not able to work because he was receiving temporary total disability benefits. We reverse and remand for reconsideration.

Claimant was employed as a utility worker at a Georgia-Pacific Corporation lumber mill for a considerable period of time. On January 28, 1982, he sustained an occupational injury to his right knee. On February 2, 1983, he was released for light duty and returned to work. He worked for one week at Georgia-Pacific's mill doing cleanup but was unable to continue, because the job, although not strenuous, required him to be on his feet at all times except for breaks and lunch. Because the company had no job suitable for claimant, he was released and continued to be eligible for and to receive temporary total disability. On March 29, 1983, he filed an unemployment claim and was paid benefits for the period of March 20, 1983, through May 14, 1983. Although claimant continued to receive temporary total disability during that period under ORS 656.210, he claims that he was also entitled to unemployment benefits, because he was "able to work" and actively sought millwork as a sawyer, barker operator, heavy loader operator and log handler, jobs which would not require him to stand. The referee found that claimant was sufficiently able to work and eligible for benefits under ORS 657.155. EAB reversed the referee's decision, finding that the fact that claimant was receiving temporary total disability gives rise to an inference that he is not able to work and is therefore ineligible for unemployment compensation.

In *Edwards v. Emp. Div.*, 63 Or App 521, 664 P2d 1151, *affirmed* 64 Or App 845, 669 P2d 1187 (1983), we held that a claimant's receipt of workers' compensation benefits does not create a presumption that he is unable to work but may give rise to an inference that he is unable to work, if there is a factual basis for the inference. 63 Or App at 525. EAB relied on the fact that claimant was unable to maintain his light duty job at Georgia-Pacific, which included standing, walking, lifting ten pounds and cutting two-by-four veneer, to

infer that he was unable to work and not eligible for unemployment compensation under ORS 657.155(1)(c).[1] Because claimant could not perform this light duty work, EAB reasoned that it would necessarily follow that he could not perform the more strenuous jobs he had been seeking as a sawyer, barker and log handler. Claimant challenges that inference, claiming that there is no evidence from which to infer that he was not able to work at a job, strenuous or not strenuous, that did not require him to stand, walk, lift or squat for substantial periods of time.

The scope of our review is as in a contested case, ORS 657.282; 183.482(7) and (8), to determine whether there is substantial evidence to support EAB's inference that claimant was "unable to work" because he was not able to continue in the light duty job at Georgia-Pacific. *See City of Roseburg v. Roseburg City Firefighters,* 292 Or 266, 271, 639 P2d 90 (1981).

■ Claimant's only injury was to his right knee. The prognosis of his doctor in early April was that he would recover sufficiently in 90 days to return to his full duties; in the meantime, he should do exercises and favor the knee. Claimant testified that he was actively seeking suitable mill work that he believed he could do. All of the evidence on this issue supports claimant's position that he could work at a job that did not require continuous standing, kneeling, walking, lifting or squatting. The Board offers no evidentiary support for its inference to the contrary and does not indicate that it found claimant lacking in credibility.

■ Eligibility for unemployment compensation requires only that a claimant show that he is able to work, available and actively seeking work within his capabilities. ORS 657.155(1)(c); *see Minton v. Employment Division,* 57 Or App

---

[1] ORS 657.155(1)(c) provides:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the assistant director finds that:

"* * * * *

"(c) He is able to work, is available for work, and is actively seeking and unable to obtain suitable work. No individual participating in a community work and training program, as defined in ORS 411.855, shall, solely by reason thereof, be unavailable for work within the meaning of this section."

348, 644 P2d 632 (1982). EAB's inference that claimant was not able to work within his capabilities is not supported by the record before us.

Reversed and remanded for reconsideration.