Argued and submitted December 5, 1986, affirmed August 5, reconsideration denied September 25, petition for review denied November 17, 1987 (304 Or 406)

In the Matter of the Compensation of
Everett G. Wells, Claimant.

## WELLS,
*Petitioner,*

*v.*

## PETE WALKER'S AUTO BODY et al,
*Respondents.*

(WCB 84-12139; CA A38440)

740 P2d 245

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Moore, Eugene.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr.,

Solicitor General, and Jeff Ellis, Certified Law Student, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

### DEITS, J.

In 1983, claimant suffered a herniated disc, which SAIF accepted as a disabling injury. In May, 1984, he was released to return to light work. He was unable to find work and, in July, 1984, applied for unemployment benefits. From August 1, 1984, until October 19, 1984, he received $61 per week. SAIF offset the unemployment benefits against his temporary disability benefits. He requested a hearing, claiming that unemployment benefits should not have been offset. The Workers' Compensation Board affirmed the referee's determination that the offset was proper. We affirm.

■     In *Edwards v. Employment Division,* 63 Or App 521, 664 P2d 1151 (1983), we considered whether a worker who was receiving worker's compensation benefits could also be eligible for unemployment compensation:

> "In the context of the workers' compensation law, a worker receiving temporary total disability may be estopped from simultaneously claiming unemployment benefits, because *it is implicit in a total disability award that a worker is unable to work.* ORS 656.210. On the other hand, a worker receiving temporary partial disability under ORS 656.212, or permament partial disability under ORS 656.214 may be 'able to work.' " 63 Or App at 525. (Emphasis supplied.)

To obtain unemployment compensation, a claimant must establish that he is *able,* available, actively seeking and unable to obtain employment. ORS 657.155(1)(c). Claimant's receipt of unemployment benefits *prima facie* demonstrates that he is able to work within the meaning of the Unemployment Compensation Law. That would appear to conflict with his eligibility to receive temporary total disability benefits.

Claimant argues, however, that to offset temporary total disability benefits by the amount of unemployment benefits received or to convert temporary total disability to temporary partial disability defeats the purpose of Workers' Compensation law to encourage a speedy return to work. We do not agree. ORS 656.012(2)(a) provides that the objectives are

> "[t]o provide, regardless of fault, sure, prompt and complete medical treatment for injured workers and *fair, adequate and reasonable income benefits* to injured workers and their dependents[.]" (Emphasis supplied.)

The legislature has provided formulas for temporary total and temporary partial disability benefits which give effect to that policy. ORS 656.210(1);[1] ORS 656.212. The allowance of an offset against temporary total disability for unemployment benefits is consistent with the policy.

■     By representing that he is able to work by seeking unemployment benefits, claimant has demonstrated that his disability is no longer total.[2] ORS 656.212 provides:

> "When the disability is or becomes partial only and is temporary in character, the worker shall receive for a period not exceeding two years that proportion of the payments provided for temporary total disability which his loss of earning power at any kind of work bears to his earning power existing at the time of the occurrence of the injury."

OAR 436-60-030 establishes procedures when post-injury wages are received. It provides, in part:

> "(1)   The rate of temporary partial disability compensation due a worker shall be determined by:
>
> "(a)   Subtracting the post-injury wage earnings available from any kind of work; from
>
> "(b)   The wage earnings from the employment at the time of, and giving rise to, the injury; then
>
> "(c)   Dividing the difference by the wage earnings in (b) to arrive at the percentage of loss of earning power; then
>
> "(d)   Multiplying the current temporary total disability compensation rate by the percentage of loss of earning power."

■     The Board has construed "wage earnings" as used in

---

[1] ORS 656.210(1) provides:

"When the total disability is only temporary, the worker shall receive during the period of that total disability compensation equal to 66-2/3 percent of wages, but not more than 100 percent of the average weekly wage nor less than the amount of 90 percent of wages a week or the amount of $50 a week, whichever amount is lesser. Notwithstanding the limitation imposed by this subsection, an injured worker who is not otherwise eligible to receive an increase in benefits for the fiscal year in which compensation is paid shall have the benefits increased each fiscal year by the percentage which the applicable average weekly wage has increased since the previous fiscal year."

[2] Temporary total disability benefits may be continued as temporary partial disability benefits if a worker finds employment, OAR 436-60-030(3), or refuses employment. OAR 436-60-030(5).

the rules to include unemployment benefits.[3] That interpretation is consistent with applicable law and the legislative policy. When a worker is receiving unemployment benefits by representing an ability to work, those benefits may be treated as receipt of post-injury wages.

Affirmed.

---

[3] The Board's treatment of private insurance benefits is not before us, and we make no comment about whether those benefits should be treated differently from statutory unemployment benefits.