Submitted on petition for reconsideration filed March 9, petition allowed, former opinion (305 Or 48, 750 P2d 485) modified; reversed and remanded to Court of Appeals April 19, 1988
See 92 Or App 573 (1988)

In the Matter of the Compensation of
Dawn White, Claimant.

NORTH CLACKAMAS SCHOOL DIST.,
*Respondent on Review/*
*Petitioner on Reconsideration,*

*v.*

WHITE,
*Petitioner on Review/*
*Respondent on Reconsideration.*

(WCB 83-09151; CA A36411; SC S34192)

752 P2d 1210

Jerald P. Keene, Roberts, Reinisch & Klor, P.C., Portland, for respondent on review/petitioner on reconsideration.

Donald E. Beer, Galton, Popick & Scott, P.C., Portland, for petitioner on review/respondent on reconsideration.

PETERSON, C. J.

## PETERSON, C. J.

In this workers' compensation case, the employer seeks reconsideration. It asserts: (1) that the issue before the Court of Appeals and this court on the employer's appeal and petition for review concerned only the claimant's claim for medical services for a hip condition, that no worsening claim is involved, and that we erred in stating and deciding that a worsening claim was involved; and (2) that "the Court of Appeals properly found an identity of factual issues sufficient to warrant application of the res judicata principles this Court itself has now adopted in Workers' Compensation cases," and that we erred in holding that the Court of Appeals erred in applying res judicata to the claim for medical treatment of the hip injury. The employer's first assertion is correct; its second assertion is not.

No worsening claim is involved, and we erred in stating that one was. This case now involves only the claimant's claim for medical expenses for the hip injury.

We should have concluded our earlier opinion as follows (these three paragraphs replace the last three paragraphs of the opinion):

"The Court of Appeals' opinion seems to say that as a matter of law *all* of the claimant's claims, including the claim for medical expenses, are barred under the rules of res judicata. The finding of no permanent partial disability at the first decision does not bar all claims for medical benefits under rules of res judicata. We read the first Board decision to find a hip injury, but no then present permanent partial disability. If the later medical benefits claim is uncompensable, it is uncompensable because, as a matter of fact, medical evidence fails to show a causal relationship between the industrial accident and the present need for medical care.

"Though we agree with the Court of Appeals that a claimant 'cannot use an aggravation claim as a back door to relitigate underlying causation issues,' 85 Or App at 563-64, that is not the case here. The finding of no permanent partial disability at the first hearing did not bar the assertion of all later medical expense claims as a matter of law.

"The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals to decide whether the insurer's denial of the need for further medical care and treatment for the claimant's hip condition was proper."

Petition for reconsideration allowed. Opinion modified. Remanded to the Court of Appeals.