Argued and submitted January 20, reversed and remanded on appeal and affirmed on cross-appeal August 17, reconsideration denied October 21, petition for review allowed November 16, 1988 (307 Or 145)

CHAVEZ,
*Appellant - Cross-Respondent,*

*v.*

BOISE CASCADE CORPORATION,
*Respondent - Cross-Appellant.*

(86-0774-J-2; CA A43559)

759 P2d 297

Daniel C. Thorndike, Medford, argued the cause for appellant - cross-respondent. With him on the briefs was Blackhurst, Hornecker, Hassen & Brian, Medford.

H. Scott Plouse, Medford, argued the cause and filed the brief for respondent - cross-appellant.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiff brought this action against his former employer, alleging that it had committed an unlawful employment practice under ORS 659.415 by not reinstating him to his former position of employment after he had sustained an injury compensable under the Workers' Compensation Act. The trial court granted defendant's motion for summary judgment on the ground that a final order of the Workers' Compensation Board precluded plaintiff from relitigating the issue of his ability to return to his prior employment.[1] Plaintiff appeals. Defendant cross-appeals, assigning as error the denial of its motion for an award of attorney fees. We reverse the summary judgment.[2]

Plaintiff contends that the trial court erred in applying the doctrine of collateral estoppel, which precludes a party from relitigating an issue that was actually litigated and determined in a previous action, if the determination was essential to the decision in that action. *North Clackamas School Dist. v. White, supra n 1,* 305 Or at 53; *State Farm Fire & Cas. v. Reuter,* 299 Or 155, 158, 700 P2d 236 (1985). Assuming that an administrative determination can be used as the basis for collateral estoppel in a later civil judicial proceeding, *but see Shannon v. Moffett,* 43 Or App 723, 604 P2d 407 (1979), *rev den* 288 Or 701 (1980), we examine the issue necessarily decided in the workers' compensation proceeding.

Plaintiff sustained a compensable low back injury while working for defendant in September, 1983. The sole issue in the workers' compensation proceeding was the extent of his permanent partial disability. ORS 656.214(5) provides, in pertinent part:

> "In all cases of injury resulting in permanent partial disability * * * the criteria for rating of disability shall be the permanent loss of earning capacity due to the compensable injury. Earning capacity is the ability to obtain and hold gainful employment in the broad field of general occupations,

---

[1] The trial court applied the doctrine commonly referred to as "collateral estoppel." The term "issue preclusion" also applies. *North Clackamas School Dist. v. White,* 305 Or 48, 50, 750 P2d 485, *modified on other grounds,* 305 Or 468, 752 P2d 1210 (1988).

[2] Because we reverse the judgment for defendant, we need not address the issue of its entitlement to attorney fees. Therefore, we affirm on the cross-appeal.

taking into consideration such factors as age, education, impairment and adaptability to perform a given job."

It follows that the only fact necessarily determined in the workers' compensation proceeding was that plaintiff's loss of "earning capacity" due to his compensable injury was 30 percent. The statement by the referee that plaintiff is not employable by defendant was not necessary to the determination that plaintiff was 30 percent disabled.

In this action, plaintiff contends that defendant violated ORS 659.415, which provides, in pertinent part:

"(1)  A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, provided that the position is available and the worker is not disabled from performing the duties of such position. If the former position is not available, the worker shall be reinstated, in any other position which is available and suitable.

"* * * * *

"(3)  Any violation of this section is an unlawful employment practice."

To determine the merits of plaintiff's claim, it will be necessary to decide whether plaintiff's former position is "available"[3] and, if it is, whether plaintiff is "disabled from performing the duties" of that position.[4] Resolution of those issues was not essential to the determination of plaintiff's extent of permanent partial disability under ORS 656.214, because a finding that plaintiff is permanently partially disabled does *not* mean, necessarily, that he is totally unable to work. *Edwards v. Emp. Div.,* 63 Or App 521, 525, 664 P2d 1151, *modified on other grounds* 64 Or App 845, 669 P2d 1187 (1983). On that basis, the trial court erred in concluding that the Workers' Compensation Board order precluded plaintiff from maintaining this action.

---

[3] To be "available," within the meaning of ORS 659.415, the former position must be "existing and vacant." *Knapp v. City of North Bend,* 304 Or 34, 37, 741 P2d 505 (1987).

[4] Plaintiff did not allege in his complaint that his former position was unavailable and that defendant failed to reinstate him to another "available and suitable" position. *See* ORS 659.415(1).

Reversed and remanded on appeal; affirmed on cross-appeal.