Argued and submitted March 9, the decision of the Court of Appeals affirmed and remanded to the circuit court April 18, 1989

CHAVEZ,
*Respondent on Review,*

*v.*

BOISE CASCADE CORPORATION,
*Petitioner on Review.*

(TC 86-0774-J-2; CA A43559; SC S35580)

772 P2d 409

H. Scott Plouse, of Cowling & Heysell, Medford, argued the cause and filed the petition for petitioner on review.

Daniel C. Thorndike, of Blackhurst, Hornecker, Hassen & Thorndike and Ervin B. Hogan, Medford, argued the cause and filed responses for respondent on review.

Scott P. Monfils, Nelson D. Atkin II, and Jeffrey S. Love, of Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland, filed an *amicus curiae* brief on behalf of Associated Oregon Industries, Tri-County Metropolitan Transportation District of Oregon, Associated General Contractors, Roseburg Forest Products Co., RSG Forest Products, Inc., and Pacific Coast Association of Pulp and Paper Manufacturers.

Thomas M. Christ, of Mitchell, Lang & Smith, Portland, filed an *amicus curiae* brief on behalf of Oregon Self-Insurers Association and Oregon Association of Workers' Compensation Defense Attorneys.

Before Peterson, Chief Justice, and Linde, Carson, Jones, Gillette and Fadeley, Justices.

LINDE, J.

## LINDE, J.

After suffering an industrial accident at defendant's plant, plaintiff obtained an award of 30 percent permanent partial disability from the Workers' Compensation Board. Defendant refused plaintiff's demand for reinstatement in his former position pursuant to ORS 659.415, which makes it an unlawful employment practice to deny reinstatement to a worker who has sustained a compensable injury if the position is available "and the worker is not disabled from performing the duties of such position." Defendant asserted that the Board's finding of disability precluded plaintiff from claiming that he was not disabled from returning to his former position, and the circuit court granted summary judgment on that basis. The Court of Appeals reversed, holding that the Board's order did not necessarily establish plaintiff's inability to perform his previous job. *Chavez v. Boise Cascade Corporation,* 92 Or App 508, 759 P2d 297 (1988). We affirm the decision of the Court of Appeals.

■    The Court of Appeals followed this court's recent opinion in *North Clackamas School Dist. v. White,* 305 Or 48, 750 P2d 485, *modified on other grounds* 305 Or 468, 752 P2d 1210 (1988), "assuming," though with some uncertainty, "that an administrative determination can be used as a basis for collateral estoppel in a later civil judicial proceeding." 92 Or App at 510. The assumption is correct, at least for judicial proceedings like this case.[1]

*North Clackamas School Dist.* involved the effect of a prior ruling by the Workers' Compensation Board on a subsequent claim that claimant's condition had worsened. This court applied a rule earlier stated in *State Farm Fire and Casualty v. Reuter,* 299 Or 155, 158, 700 P2d 236 (1985), that "[i]f a claim is litigated to final judgment, the decision on a particular issue or determinative fact is conclusive in a later or different action between the same parties if the determination was essential to the judgment." 305 Or at 53. The opinion quoted the statement in Restatement (Second) of Judgments

---

[1] This case presents no claim of a right under Article VII, section 3, of the Oregon Constitution to a jury determination of disputed facts. *Cf. Parklane Hosiery Co. v. Shore,* 439 US 322, 99 S Ct 645, 58 L Ed 2d 552 (1979) (despite the federal Seventh Amendment, juries historically were precluded from retrying issues decided in prior equity proceedings); *id.,* 439 US at 337 (Rehnquist, J., dissenting).

§ 83(1) that, with exceptions, a valid and final administrative adjudication has the same preclusive effects as a court's judgment. 305 Or at 52. The court did note that not only the quality of proceedings and opportunity to litigate were the same in both cases, but also the forum, making it unnecessary to consider the relative competence and responsibility of two different forums. *Compare State v. Ratliff,* 304 Or 254, 744 P2d 247 (1987) (motor vehicle department's license suspension procedure too informal for preclusive effect). But an identical forum is not essential for giving preclusive effect to necessary findings in a formal administrative adjudication if the parties had both a full opportunity and the incentive to contest the point at issue on a record that also was subject to judicial review. *Cf. Convalescent Ctr. v. Dept. of Income M.,* 208 Conn 187, 544 A2d 604 (1988). We therefore examine what the present Board order decided regarding plaintiff's ability to perform the work he previously had done.

In the compensation proceeding, plaintiff (claimant) appealed an order awarding him 15 percent unscheduled disability benefits. The extent of disability was the only issue. The referee's findings noted that claimant was employed as a grader offbearer when he sustained a low back injury. The findings then recited the medical history leading up to the treating physician's decision to release claimant for work, restricted to the extent of "never lifting or carrying over twenty pounds, occasionally bending, crouching, kneeling, crawling and climbing ladders, and never twisting at the waist." The next two findings stated:

"(4) At the employer's request, Drs. Yamodis and Morrison viewed a number of potential work activities in person and on video tape respectively. They indicated their agreement with Dr. Dunn's last stated restrictions, but indicated that all of the potential positions: dryer puller, dryer feeder, raiman operator, green chain puller and cleanup would place Mr. Chavez at risk for reinjury or incapacitation.

"(5) The personnel manager for Boise Cascade testified that his company has approximately 850 employees in three different divisions in Southern Oregon. The restrictions imposed on Mr. Chavez by Dr. Dunn preclude employment in any of the approximately 70 job classifications with his company. Reemployment has not been offered Mr. Chavez."

The referee further found that all examining and treating

physicians found claimant's physical condition to be normal and that claimant did not testify to any low back limitation and considered the treating physician's restrictions to be unrealistically limiting. The referee then stated, under the heading "Opinion," that claimant had no impairment within the agency's guidelines:

> "What he has is a history of a rupture[d] disc and restrictions that have been imposed to prevent reinjury. Within those restrictions, he is precluded from returning to work in the wood products industry. He is retrainable, but has not been retrained. Even with the retraining that has been authorized by the employer, he will not be able to return to near the wage at time of injury level. He has a significant loss of earning capacity."

The opinion concluded that the resulting loss of earning capacity justified increasing the claimant's permanant partial disability benefits to 30 percent. Neither side appealed this award.

The questions in this action for reinstatement are whether the referee found as a fact that plaintiff is disabled from performing his previous work and if so, whether the finding was necessary to the compensation decision. The answer to the first question is somewhat obscured by the form of the referee's order. The so-called "Findings" mix recitals of the medical history and some facts found by the referee with recitals of testimony. Recitals of evidence, such as what was reported or "indicated" by the claimant, employer, or physicians, are not findings of fact. The referee's ultimate finding, that claimant had no "impairment as defined by the guidelines," but that within "restrictions that have been imposed to prevent reinjury * * * he is precluded from returning to work in the wood products industry," first appears under the heading "Opinion." In the context of the preceding paragraphs, it is unclear whether the referee found that claimant's return to work was "precluded" by his actual physical condition or by the employer's compliance with the restrictions stated by the treating physician and the occupational disqualifications inferred (in Finding (4)) by the physicians examining claimant on behalf of the employer.

■ In the present action, defendant argues that plaintiff's disability claim and acceptance of the referee's order

without appeal preclude him from denying that he is "disabled from performing the duties of [his former] position." Plaintiff maintains that neither his assertions in the compensation proceeding nor the referee's explanation for increasing the degree of his lost earning capacity is irreconcilable with his ability to return to his job. Our review of the record does not persuade us that defendant's position is correct. Plaintiff did not claim or concede that he could not perform his previous work, nor did he assent to all the restrictions prescribed by the physicians. The Court of Appeals held the referee's statements on which defendant relies unnecessary to the determination, probably because one may suffer a loss of earning capacity independent of an immediate loss of employment. ORS 656.214(5).[2] Perhaps a party who has contested a factual issue without objecting to its relevance should not later be able to deny the preclusive effect of express findings on that issue on grounds that they were unnecessary. But to make a claimant appeal an otherwise satisfactory award only to eliminate the preclusive effect of unrequested and nonessential findings would not further the procedural objectives of preclusion even had the referee's findings been clearer than they were. We affirm because the findings in this case were not essential and did not squarely establish plaintiff's inability to perform his previous work.

Doubtless, employers do not want to see injured workers jockeying to gain maximum disability benefits while retaining a right to reinstatement. Perhaps an injured worker similarly may perceive jockeying when an employer does not resist a claim for disability benefits in order to defeat a demand for reinstatement. The statutory scheme makes likely occasional tension between a claim to disability benefits for loss of earning capacity and a claim also to return to one's job, as in this case. The employer's recourse to the rules of preclusion depends on making a clear record in the compensation proceeding showing from what work the disability claimant

---

[2] ORS 656.214(5) provides in part:

"In all cases of injury resulting in permanent partial disability, other than those described in subsections (2) to (4) of this section, the criteria for rating of disability shall be the permanent loss of earning capacity due to the compensable injury. Earning capacity is the ability to obtain and hold gainful employment in the broad field of general occupations, taking into consideration such factors as age, education, impairment and adaptability to perform a given job."

claims to be disabled and clear agency findings on that question. As already stated, we do not find such clarity in the record or the findings in this case.[3] The circuit court therefore should not have allowed defendant's motion for summary judgment, and the case must be remanded to that court for further proceedings.

The decision of the Court of Appeals is affirmed, and the case is remanded to the circuit court.

**PETERSON, C. J.**, concurring.

I concur in the result.

I read the referee's opinion (quoting from his decision) to *find* that, because of "a rupture[d] disc" and "[work] restrictions that have been imposed to prevent reinjury," the claimant "is precluded from returning to work in the wood products industry." I do not share the majority's uncertainty concerning the quoted language.

I nonetheless would affirm the Court of Appeals because, as this court has stated, "the [referee's] determination was [not] essential to the judgment." *State Farm Fire and Casualty v. Reuter,* 299 Or 155, 158, 700 P2d 236 (1985). There is no statute or rule imposing the requirement that a worker be "precluded" from returning to his or her job in order to obtain an award of permanent partial disability. As the majority points out, 307 Or at 637, "[t]o make a claimant appeal an otherwise satisfactory award only to eliminate the preclusive effect of unrequested and nonessential findings would not further the procedural objectives of preclusion * * *."

---

[3] *Amici curiae* suggest that plaintiff's claim for reinstatement should be barred by "judicial estoppel," whether or not it is otherwise precluded, because plaintiff asserted a contrary position in the compensation proceeding. Because we do not find such clearly contradictory positions, this is not the case in which to address that legal proposition.