Argued and submitted March 3, reversed and remanded May 10, reconsideration denied June 23, petition for review denied August 1, 1989 (308 Or 197)

# GRIFFITH,
*Appellant,*

*v.*

# HODES et al,
*Respondents.*

## (A8702-01086; CA A48557)

772 P2d 1370

Stephen L. Brischetto, Portland, argued the cause for appellant. With him on the briefs was Baldwin & Brischetto, Portland.

Lee M. Hess, Portland, argued the cause for respondents. With him on the brief was Swire, Riebe & Hess, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action against his former employers for wrongful discharge, unlawful employment practices and breach of contract. He alleged that his discharge was motivated by discrimination and was based on his having a physical handicap and his having complained about the unsafe working conditions that allegedly produced the handicap. ORS 654.062; ORS 659.425. He also alleged that the discharge was in retaliation for his having sought reasonable accommodation for the handicap and that the discharge violated defendants' personnel manual. Defendants moved for summary judgment on the general ground that there was no evidence demonstrating a genuine issue of material fact and on the additional ground that plaintiff's claims were barred by *res judicata* or collateral estoppel. The trial court granted the motion. Plaintiff appeals, and we reverse.

Plaintiff's employment duties included painting automobile transmissions. He developed physical symptoms, which he attributed to emissions from the paint and which he contends constitute a handicap. He complained to defendants and to the Accident Prevention Division about the perceived work safety problems relating to the emissions. Defendants supplied him with a respirator, which he regarded as inadequate. He refused to work unless they gave him a "functional" one. They ordered him to perform his job and, after his continued refusal, they fired him. After his discharge, plaintiff filed claims for workers' compensation and unemployment compensation. The Workers' Compensation Board and the Employment Appeals Board rejected the claims. Defendants base their *res judicata* and collateral estoppel contentions on the proceedings on the claims.[1]

Defendants' evidence about the two administrative proceedings consisted solely of the referees' decisions and the boards' decisions affirming them. Assuming that both of those

---

[1] The Bureau of Labor and Industries conducted an investigation on plaintiff's complaints and concluded that there was substantial evidence that defendants had violated ORS 654.062, by discharging him after he had "opposed unsafe working conditions," and ORS 659.425, by terminating him rather than accommodating a physical handicap. The parties make a number of arguments regarding the Bureau's determinations, which we need not address in view of the bases for our decision.

proceedings could otherwise give rise to *res judicata* or collateral estoppel in this action, *see Chavez v. Boise Cascade Corporation,* 307 Or 632, 772 P2d 409 (1989), we conclude that defendants' showing in support of their summary judgment motion did not demonstrate the relationship between the issues that were or could have been raised or decided in the earlier proceedings and in this one that is necessary to support their contentions.

■ The orders on the workers' compensation claim show that the referee and Board found that plaintiff had not established a right to compensation for "organic solvent encephalopathy." Defendants argue that the Board found that plaintiff's exposure to the solvents did not cause "encephalopathy *or any of his symptoms*." (Emphasis supplied.) We do not agree that the Board so found. The quoted language was a summary of an expert's evidence, not a Board finding. It can have no barring or preclusive effect. *See Chavez v. Boise Cascade Corporation, supra.*

Defendants also appear to suggest that the Board's ultimate finding was equivalent to a determination that plaintiff was not harmed by the exposure at all and is not handicapped. We are unable to make that connection. We cannot even determine from the face of the order what "organic solvent encephalopathy" is, let alone whether it is the only possible condition or handicap that can result from the events alleged by plaintiff in this action. Whether or not other portions of the workers' compensation record might substantiate defendants' arguments, the orders alone do not, and they are all that defendants offered. *See Shannon v. Moffett,* 43 Or App 723, 727, n 2, 604 P2d 407 (1979), *rev den* 288 Or 701 (1980).

■■ The unemployment compensation claim proceeding also provides no basis for *res judicata* or collateral estoppel, insofar as the evidence in the record demonstrates. The referee's opinion, which EAB adopted, was that plaintiff's refusal to perform assigned work was misconduct that disqualified him from receiving benefits. The fact that plaintiff was guilty of work-connected misconduct and the underlying facts found by the referee are not decisive of, or even related to, the factual allegations of retaliatory and discriminatory conduct that he

makes against defendants here.[2] *See Chavez v. Boise Cascade Corporation, supra.*

■ The closer question is whether the ultimate finding in the unemployment compensation proceeding is related to plaintiff's allegations concerning defendants' violation of its personnel manual in any way that could give rise to *res judicata* or collateral estoppel. The manual provides that, under most circumstances, an employe cannot be discharged without having received three warnings in a one-year period. It also provides that some infractions will support termination without warning. Those include an "infraction of rules" and "serious bad behavior" (the listed examples of which are drinking or being drunk on the job, abusive language, fighting, stealing and deliberate destruction of property). Consequently, the referee's finding of misconduct does not actually or necessarily decide the same factual or legal question as the one presented by plaintiff's contract claim, because the manual *may* create a higher threshold for defendants to be able to discharge an employe than the unemployment insurance law creates for establishing that a discharge was based on work-connected misconduct. The unemployment compensation proceeding therefore does not have a collateral estoppel effect. It also does not give rise to *res judicata,* because the meaning and application of the discharge provisions of the manual were not and could not have been decided in the unemployment

---

[2] In *Pintok v. Employment Division,* 32 Or App 273, 573 P2d 773 (1978), we held that there was substantial evidence to support EAB's finding of misconduct by an employe who was discharged for refusing to work with a welding machine. The employe's and the employer's testimony were directly contradictory concerning the adequacy of the ventilation in the work area and the availability of respirators. We also rejected the employe's contention that EAB's order was contrary to ORS 654.062, because

"[t]his statute does not protect claimant under the facts of this case. ORS 654.062(5)(a) forbids termination of an employee for opposing forbidden practices and for instituting or participating in a proceeding against the employer under Chapter 654. Claimant here refused to do work requested of him. This does not constitute opposing a practice forbidden by Chapter 654." 32 Or App at 277.

*Pintok* was a direct review of an EAB decision. No question was presented about whether an employer's action can be discriminatory and be proscribed by ORS 654.062, even if the employe is guilty of misconduct. Clearly, an employer can be guilty of discriminating or retaliating against an employe for making a safety complaint at the same time that the employe improperly refuses to work because of an unfounded safety concern. The events are not mutually exclusive. Any suggestion to the contrary in *Pintok* is incorrect. Neither party cites or relies on *Pintok.*

compensation proceeding. We reject defendants' estoppel by judgment arguments.

Defendants also attempt to support the summary judgment by arguing that, in a number of respects, plaintiff's evidence fails to raise genuine and material factual issues concerning the reason for his firing, defendants' compliance with statutory and contractual obligations and the existence of a handicap. We do not agree with those arguments, and they require no specific comment. The court erred by entering the summary judgment.

Reversed and remanded.