Argued and submitted January 14, affirmed October 30, 1991, reconsideration denied January 8, petition for review allowed March 24, 1992 (313 Or 74)

In the Matter of the Compensation of
Jeannie S. Hubbard, Claimant.
INTERNATIONAL PAPER COMPANY,
*Petitioner,*

*v.*

Jeannie S. HUBBARD,
*Respondent.*

(88-05829; CA A65248)

820 P2d 35

Paul L. Roess, Portland, argued the cause for petitioner. With him on the brief was Acker, Underwood, Norwood & Hiefield, Portland.

Malcolm J. Corrigall, Coos Bay, argued the cause for respondent. With him on the brief was Ormsbee & Corrigall, Coos Bay.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

**DEITS, J.**

Employer seeks review of an order of the Workers' Compensation Board that held that claimant has a compensable aggravation claim. The issue presented is whether claimant is entitled to temporary disability benefits for the period when she was laid off and was receiving unemployment benefits. We affirm.

Claimant compensably injured her back while working in employer's wood products mill in April, 1983. After the injury, she continued working at the mill, but in less strenuous jobs. Her claim was closed in July, 1987, pursuant to a determination order that awarded five percent unscheduled permanent disability. Claimant appealed the determination order and, after a hearing, the referee affirmed the award on December 11, 1987. Claimant was laid off, along with many other workers at the mill, on December 18, 1987. The mill closed soon thereafter. She then applied for and received unemployment benefits, until she began working for the purchaser of the mill in June, 1988. On January 22, 1988, she sought treatment from her physician. She reported that her back had been feeling worse for about two weeks. On February 19, 1988, her physician wrote to the insurer, stating that her back and neck pain had worsened and that she needed further therapy. The physician later explained that claimant was not physically able to work and that she would be undergoing physical therapy and be off work for a period of approximately two to four weeks.

On March 7, 1988, the insurer issued a written denial of the aggravation claim. Claimant requested a hearing. The referee held that claimant had a valid aggravation claim, disallowed employer's denial and remanded the case for the payment of benefits. On review, the Board correctly stated:

> "In order to prove a claim for aggravation of an unscheduled condition under ORS 656.273, claimant must show increased symptoms or a worsened underlying condition and a resultant diminishment of earning capacity."

It then affirmed the referee's order, concluding that

> "(1) claimant sustained a symptomatic exacerbation of her neck condition; (2) which resulted in diminishing earning

capacity; and (3) as a result of the increased symptoms, claimant became totally disabled for more than 14 days. Therefore, we hold that claimant has met her burden of proof and established a compensable aggravation case."

Employer does not dispute that claimant proved an aggravation, but argues that the Board erred in ordering the payment of temporary disability benefits. Employer contends that, because claimant had been laid off and because she was receiving unemployment compensation, she could not prove that she had lost wages as a result of the worsened condition. It argues that, if there was no work to be done, there were no wages to be lost and, therefore, the worsening of claimant's condition made no difference in her earning capacity.

We do not agree with employer that claimant must prove an actual loss of wages due to the aggravation to be entitled to benefits. If claimant proves that, because of the worsening, she was less able to work to such an extent that she was temporarily incapacitated from regularly performing work at a gainful and suitable occupation, *Smith v. SAIF*, 302 Or 396, 401, 730 P2d 30 (1986), and that she was otherwise willing to seek work, *Cutright v. Weyerhaeuser Co.*, 299 Or 290, 300, 702 P2d 403 (1985), the fact that she was laid off from one job makes no difference.

Employer also argues that claimant has not lost wages, because she received unemployment benefits for the same time period that she is seeking temporary disability benefits. However, claimant's receipt of unemployment benefits does not disqualify her from receiving temporary disability benefits because, as discussed above, it is not necessary that claimant prove actual loss of wages to be entitled to temporary disability benefits.[1] Payment of concurrent unemployment and disability benefits might result in an offset of benefits. *See Wells v. Pete Walker's Auto Body*, 86 Or App 739, 740 P2d 245, *rev den* 304 Or 406 (1987).

Affirmed.

---

[1] It is important to note that employer here does not challenge the validity of the aggravation claim. Although we have held that receipt of unemployment benefits does not disqualify a claimant with a compensable aggravation from receiving temporary disability benefits, evidence of receipt of unemployment compensation and the representations made by a claimant in seeking it may be relevant as to whether or not there was an aggravation.