Patrick J. BERGIN, Plaintiff–Appellant,

v.

Susan MCCALL; et al., Defendants–Appellees.

No. 07–35801.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick J. Bergin, Eugene, OR, pro se.

Elizabeth K. Bonucci, Esquire, Oregon Department of Justice, Trial Division, Torts Section, Cecil A. Reniche–Smith, Esquire, Office of the Oregon Attorney General, Richard D. Wasserman, Esquire, Office of the Oregon Attorney General, Salem, OR, Roderick A. Boutin, Esquire, Boutin & Associates, P.C., Lake Oswego, OR, Tyler Draa, Esquire, Hinshaw, Winkler, Draa, Marsh & Still A. Partnership, Saratoga, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

## MEMORANDUM **

Patrick J. Bergin appeals pro se from the district court's judgment for defendants in his 42 U.S.C. § 1983 action raising various constitutional claims against members of Oregon's Board of Medical Examiners ("Board") and other medical professionals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir.1994), and we affirm.

■ The district court properly granted summary judgment because Bergin's claims were precluded by the Board's order suspending Bergin's medical license. *See id.* at 1037 n. 7 ("[W]e will give preclusive effect to the legal as well as the factual decisions of [state] administrative tribunals, if the courts of the state would do so and if the minimum requirements of *[United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966) ] are met."); *id.* at 1033 ("The fairness requirements of *Utah Construction* are: (1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate."); *Chavez v. Boise Cascade Corp.*, 307 Or. 632, 772 P.2d 409, 410 (1989)

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("[A] valid and final administrative adjudication has the same preclusive effects as a court's judgment.").

■ The district court properly dismissed Bergin's claims against his former medical partner because Bergin did not file those claims within two years after they accrued, as required by Oregon's personal injury statute. *See* Or.Rev.Stat. § 12.110(1); *Davis v. Harvey*, 789 F.2d 1332, 1333 (9th Cir.1986) ("Section 1983 claims are to be characterized as personal injury actions for statute of limitations purposes.").

Bergin's remaining contentions are unavailing.

**AFFIRMED.**