Argued and submitted May 13, the decisions of the Court of Appeals and district court affirmed October 20, 1987

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## DONALD MICHAEL RATLIFF,
*Petitioner on Review.*

(TC M-85-1546; CA A38813; SC S33549)

744 P2d 247

Enver Bozgoz, Klamath Falls, argued the cause and filed the brief for petitioner on review.

David Schuman, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

CAMPBELL, J.

## CAMPBELL, J.

We accepted review of this case to determine whether the defendant in the present criminal case may preclude the state from relitigating the issue of whether his stop and arrest were valid when an administrative hearings officer in the Motor Vehicles Division (DMV) had previously held the arrest and stop invalid. We hold that the procedure used in this type of administrative hearing provides an insufficient basis to allow the decision in that proceeding to collaterally estop an issue in a criminal case. We affirm the decision of the lower courts.

On October 18, 1984, defendant was stopped by an Oregon State Police Officer in Klamath County. The officer noticed that defendant appeared to have been drinking. Defendant refused to perform field sobriety tests and was transported to the Klamath County jail where he refused to take an intoxilyzer test.

Under the applicable statute, *former* ORS 482.541 (1983), the DMV was required to suspend the driver's license of those refusing breath tests unless a hearing was requested.[1] The defendant did request a hearing. The hearings officer held that defendant's arrest was invalid because the officer had neither probable cause to make an arrest nor reasonable suspicion that a crime had been committed at the time he stopped defendant.[2] This decision was not appealed.

Defendant subsequently was charged with Driving Under the Influence of Intoxicants (DUII) and the case was heard in Douglas County District Court after a change of venue agreed to by the parties. The court refused to apply the doctrine of collateral estoppel to bar relitigation of the issue

---

[1] *Former* ORS 482.541 has been renumbered as ORS 813.410 by Oregon Laws 1985, chapter 16, sections 474 and 475. The change became effective January 1, 1986.

[2] It is unclear whether it was within the hearings officer's jurisdiction to decide this question. *Former* ORS 482.541 stated that the scope of the hearing was limited to a determination of the validity of the suspension and listed the items to be considered in making this determination. This list did not include a determination of the validity of the arrest. However, the hearings officer was authorized to determine whether the defendant was under arrest at the time the defendant was asked to submit to a breath test. An argument may be made that an invalid arrest is not an arrest and therefore the hearings officer properly considered the validity of the arrest. While we might have to determine this issue at some point, we would prefer to decide the issue on an appeal of the license suspension proceedings, not in a collateral case.

whether the arrest was valid. After a hearing, the court found that there was sufficient reasonable suspicion to justify the stop. It is not contested that what the officer observed after the stop was sufficient to create probable cause to arrest defendant for DUII. Defendant was found guilty after a jury trial and his conviction was affirmed by the Court of Appeals. *State v. Ratliff,* 82 Or App 479, 728 P2d 896 (1986).

■■ The doctrine of collateral estoppel is based on constitutional principles, statute and common law. The constitutional basis for collateral estoppel is founded on the principle of double jeopardy. *Ashe v. Swenson,* 397 US 436, 445, 90 S Ct 1189, 25 L Ed 2d 469 (1970). In the present case there is no constitutional basis for a double jeopardy challenge because no criminal sanctions could be imposed as a consequence of the first proceeding.

■ In Oregon, ORS 43.130[3] provides a statutory basis for *res judicata.*[4] The statute has been held to apply to collateral estoppel, *State v. George,* 253 Or 458, 455 P2d 609 (1969), but it has no application to this case. ORS 43.130 requires the first proceeding to be "before a court or judge." An administrative hearing is not a court and a hearings officer in an executive branch agency is not a judge.

The doctrine remains to be examined as a matter of common law. Common law collateral estoppel is a doctrine developed by courts to prevent unnecessary relitigation of issues. As a court-made doctrine, it is the responsibility of

---

[3] ORS 43.130 provides:

"The effect of a judgment, decree or final order in an action, suit or proceeding before a court or judge of this state or of the United States having jurisdiction is as follows:

"* * * * *

"(2) In other cases, the judgment, decree or order is, in respect to the matter directly determined, conclusive between the parties, their representatives and their successors in interest by title subsequent to the commencement of the action, suit or proceeding, litigating for the same thing, under the same title and in the same capacity."

[4] *Res judicata,* now frequently referred to as claim preclusion, and collateral estoppel, now often known as issue preclusion, are often confused. *Res judicata* applies to preclude an entire claim when that claim has been litigated, or, in certain circumstances, could have been litigated. Collateral estoppel prevents the relitigation of an issue decided in a previous case involving a different claim. Collateral estoppel is usually considered to be part of the broader doctrine of *res judicata.*

courts to determine the scope of the doctrine and ensure that any expansion of the doctrine preserves the integrity of the legal system. The effect of collateral estoppel is that:

> "* * * When an issue of ultimate fact had been determined by a valid and final judgment, that determination also settles the same issue in another action (a) between the same parties on a different claim, and (b) against persons who are so closely identified with a party that they are said to be 'in privity' with parties to the earlier civil action."

*State Farm Fire & Cas. v. Reuter,* 299 Or 155, 157, 700 P2d 236 (1985). The doctrine of collateral estoppel was originally applied only when both proceedings were trials in civil cases. The doctrine is now applicable when both actions are criminal. *State v. George, supra; State v. Dewey,* 206 Or 496, 504, 292 P2d 799 (1956). This court has also held that collateral estoppel may flow from a criminal conviction to a civil case. *State Farm Fire & Cas. v. Reuter, supra.*

In the present case, we are asked to decide whether the doctrine applies when a defendant in a criminal case seeks to estop the state from litigating an issue based upon the decision of a hearings officer in an administrative proceeding.[5] Administrative hearings take many forms. It is possible that some may provide sufficiently formal and comprehensive procedures so that a decision in an administrative proceeding may have collateral estoppel effect in a subsequent judicial proceeding. However, the proceeding in this case is inadequate to justify the use of collateral estoppel.

There are considerable differences among agencies in how hearings are actually conducted. A DMV license suspension hearing is a "contested case," ORS 183.310(2)(a)(C), and as such must be conducted in accordance with certain minimum requirements for notice to parties and an opportunity to participate. ORS 183.413 to 183.470. This tells us little, however, about the nature of the proceeding. Contested case hearings vary greatly in formality, complexity and the parties' opportunities and inclinations to litigate the issues.

We are given little on this record to enlighten us

---

[5] We note that the state would rarely, if ever, be able to assert collateral estoppel in this situation because of defendant's right to a jury trial. Or Const, Art I, § 11; US Const, Amend VI.

about the character of DMV license suspension hearings. We can extrapolate somewhat, however, from statutes, administrative rules and what happened in this case. At DMV license suspension hearings under the implied consent law, a hearings officer, who may or may not be a lawyer, presides. *Former* ORS 482.541(3)(c). The person whose license may be suspended appears and may be represented by an attorney. ORS 183.415(3). The "Bill of Rights" sent to all those who request a hearing notes that most of those who request a hearing are represented, as was defendant at his license suspension hearing. The arresting police officer appears as a witness and the party whose license may be suspended often also testifies. Normally these are the only two witnesses. Neither the DMV nor any other state agency appears as a separate party and the DMV is not represented by an attorney. The DMV is represented in a way by the hearings officer who has the responsibility to develop a record on which a decision may be made. ORS 183.415(10). The issues which may be addressed are limited by statute. *Former* ORS 482.541(4). The proceedings are brief, usually limited to the testimony of two witnesses. The litigation is not conducted as it would be in court with two adversary parties and a neutral judge. Rather, there is one party advocating a position before a decision-maker who also has the responsibility of developing a record that will include evidence against the party.

■    It is unclear from the statutes to what extent the DMV can participate in the proceedings other than through the hearings officer. In practice, the DMV does not participate and has anticipatorily waived any right to be represented.[6] The mere fact that a party fails to appear at a proceeding does not necessarily mean that collateral estoppel may not later be used against that party. However, when an agency as a matter of policy does not actively participate in certain species of proceedings, there is less reason to hold that the agency or those that may be in privity with it are bound by the resolution of issues at those proceedings.

■    As discussed above, the procedure used at license suspension hearings is expedited and informal. It provides an

---

[6] In a notice entitled "Bill of Rights" that the DMV sends to all those who request a hearing, the DMV states that it will not be represented by an attorney.

inadequate basis to justify giving collateral estoppel effect to the decision of the hearings officer in these cases.

There is another important reason for not allowing the use of collateral estoppel in this case. The legislature has established an administrative procedure to be used when a driver refuses a breath test when suspected of driving while intoxicated. That procedure provides for a suspension of a license through administrative procedures pursuant to the implied consent law. *Former* ORS 482.541. The administrative procedure can impose only limited sanctions and is designed to provide a simple and expeditious decision. A distinct procedure exists in the criminal justice system to determine whether the driver is guilty of driving under the influence of intoxicants. *See former* ORS 487.540. The criminal trial is by constitution and statute more formal and hence more cumbersome. If collateral estoppel could be used against the state in the criminal case, the state or the DMV, to protect its position at the subsequent trial, would have to litigate the administrative hearings more extensively.[7] Thus, instead of the short, simple proceeding intended by the legislature, the license suspension hearings could become as long and as fully litigated as a criminal case. The intent of the legislature presumably was to avoid this.

From the foregoing, we conclude that the reasons we have advanced in the past for utilization of the doctrine of collateral estoppel are either wholly absent or so attenuated by the nature and purpose of these proceedings that it would be unwise to extend that doctrine to the present situation. We hold that collateral estoppel may not be used against the state in a criminal proceeding based on the decision of a hearings officer at a license suspension hearing under the implied consent law.

The decisions of the Court of Appeals and the district court are affirmed.

---

[7] ORS 183.450(6) allows agencies to be represented at hearings by the Attorney General. The DMV could choose to designate itself as a party and remove the statement from the "Bill of Rights" that it will not be represented by an attorney, but, as a matter of policy, it has chosen not to participate.