Argued and submitted August 27, 1999, reversed and remanded
September 27, 2000

# STATE OF OREGON,
## *Appellant,*

*v.*

# JUSTIN MENDENHALL KRUEGER,
## *Respondent.*

## (CR6-2708; CA A98801)

12 P3d 53

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Robin A. Jones, Deputy Public Defender, argued the cause for respondent. With her on the brief was David E. Groom, Public Defender.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

DEITS, C. J.

## DEITS, C. J.

The state appeals from a pretrial order suppressing evidence in a criminal driving under the influence of intoxicants (DUII) case under ORS 813.010. The trial court issued the order in response to defendant's motion to suppress. The court based its decision on issue preclusion[1] asserted to arise from a circuit court ruling reviewing a Motor Vehicles Division (DMV) administrative hearing on the suspension of defendant's driver license. ORS 813.410.[2] We reverse and remand.

On December 6, 1996, defendant was arrested for DUII following a report of a single-vehicle accident in Deschutes County. An observer called the police and described the accident. The reporting person told the police that two persons in the car involved in the accident appeared to be intoxicated and that, after the accident, they got into a white car with license number QGQ803. The police then stopped a white car with license number QGQ803 and eventually administered field sobriety tests to defendant. Following defendant's arrest, a breath test revealed that his blood-alcohol level was over the legal limit under the implied consent law. ORS 813.410. As a result, DMV suspended defendant's driver's license. Defendant appealed his license suspension to a hearings officer, and DMV subsequently issued an order affirming the suspension. Defendant sought review of the suspension order in the Douglas County Circuit Court. *See* ORS 813.410(7)(a) (appeal of any final order after DMV suspension hearing is to be made by filing petition in circuit court for the county in which the driver resides). Pursuant to a stipulated judgment, on April 14, 1997, the circuit court reversed the agency order and rescinded defendant's license suspension.[3] Other than the judgment, the record of the Douglas County proceedings is not before us.

---

[1] Although the principle is referred to throughout these proceedings as both "collateral estoppel" and "issue preclusion," the doctrine now is referred to as "issue preclusion." *See Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990).

[2] ORS 813.410 has been amended since defendant committed the acts that led to this proceeding. Or Laws 1999, ch 831, § 2; Or Laws 1999, ch 849, § 193. Those amendments do not affect the analysis in this case. Accordingly, in this opinion, we cite the 1999 version of ORS 813.410.

[3] The stipulated judgment stated:

Defendant also was charged with DUII in Deschutes County where the accident occurred. In that case, defendant argued that the stop of the vehicle that he was riding in, following the December 6 accident, was not supported by reasonable suspicion to believe that a crime had been committed. On March 24, 1997, a hearing was held in the Deschutes County District Court on defendant's motion to suppress evidence obtained from the stop. Judge Haslinger orally denied the motion at that time and issued a memorandum opinion denying the motion on April 22, 1997. The memorandum opinion required the state to prepare the order denying the motion to suppress.[4] Judge Haslinger's order memorializing her memorandum opinion reads:

"THIS MATTER having come before the court on March 24, 1997 on defendant's motion to suppress—invalid stop; the Honorable Barbara Haslinger presiding, defendant appearing through counsel * * *, the state appearing through Deputy District Attorney * * *, the court having considered the testimony of witnesses, the argument of counsel, and its files herein; the court having issued a memorandum opinion denying defendant's motion on April 22, 1997, a copy of which is attached hereto and hereby incorporated by reference, now therefore;

"IT IS HEREBY ORDERED that defendant's motion to suppress is denied for the reasons set forth in the earlier filed memorandum opinion."[5]

---

"This matter comes before the court on a Petition for Judicial Review of Order of DMV, the Petitioner appearing by and through his attorney * * * and Respondent appearing by and through its attorney * * * Assistant Attorney General. The parties having stipulated that judgment should be entered in favor of Petitioner;

"NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that judgment be entered for the Petitioner, and Respondent's administrative order suspending petitioner's driving privileges should be reversed and the suspension rescinded. Costs shall be awarded to Petitioner."

[4] The last paragraph of Judge Haslinger's memorandum opinion reads, in part:
"I find the information that the vehicle ran a stop sign and overturned in a ditch, that both occupants of the vehicle appeared intoxicated and subsequently had left in a white sedan travelling northbound away from the accident, established a reasonable suspicion that the driver of the vehicle involved in the accident was intoxicated and supported the stop of the white sedan. For these reasons, the motion to suppress is denied. The state is to prepare the order."

[5] Defendant cross-appealed from Judge Haslinger's order but subsequently withdrew his cross-appeal.

After the issuance of the Douglas County Circuit Court judgment setting aside defendant's license suspension, defendant filed a second motion to suppress in the Deschutes County criminal action. The motion was filed on April 25, 1997. In that motion, defendant contended that, under the theory of issue preclusion, the Deschutes County District Court was bound by the holding of the Douglas County Circuit Court regarding the validity of the stop of defendant after the December 6 accident. The state did not file a response to that motion, but did appear at the hearing on June 16, 1997, before Judge Courson. Judge Courson subsequently sent the parties a letter that read:

"The question as to the legality of the police stop of defendant was raised at a D.M.V. hearing—at that hearing an administrative law judge made a ruling that the stop was legal—subsequently an appeal of that issue was made to the Circuit Court. Upon the hearing of that appeal in the Circuit Court the State, appearing by an assistant attorney general, and the defendant, appearing by his defense counsel, by way of stipulation agreed that the defendant['s] police stop was illegal and the Circuit Court so ruled. It is this court's opinion that there was an adversarial proceeding at which both parties were represented by counsel before a judge in a court of competent jurisdiction and the issue of the legality of the defendant['s] stop was judicially determined. It is this court's belief that the appeal of the D.M.V. hearing distinguishes this from *State v. Ratliff*, 304 Or 254, [744 P2d 247 (1987),] and as a result of that the Circuit Court appeal ruling that the stop was illegal is the law of this case. Therefore, the defendant's motion to suppress for collateral estoppel should be allowed. Counsel for defendant may prepare an appropriate order for the court's signature in accordance with this letter."

As the court had suggested, defendant prepared an order, which was signed by Judge Courson on July 7, 1997. It states:

"THIS MATTER having come before the court on June 16, 1997 on defendant's motion to suppress for collateral estoppel; the Honorable Richard J. Courson presiding, defendant appearing through counsel * * *, the state appearing through Deputy District Attorney * * *, the court having considered defendant's motion and the argument of

counsel, and having issued a letter opinion, a copy of which is attached hereto and hereby incorporated by reference, now therefore;

"IT IS HEREBY ORDERED that defendant's motion to suppress all evidence on the basis of collateral estoppel is granted. All evidence obtained by the state and deriving from the unlawful stop of defendant is suppressed."

On August 7, 1997, the state filed a notice of appeal of the July 7, 1997, Deschutes County order. This appeal concerns the validity of that order. The state assigns error to the trial court's holding that issue preclusion required it to suppress evidence in this proceeding based on the determination made in the separate DMV license suspension proceeding.

Issue preclusion bars future litigation between the same parties on an issue that was " 'actually litigated and determined' " in a setting where its determination was essential to the final decision reached. *Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990), *quoting North Clackamas School District v. White*, 305 Or 48, 53, 750 P2d 485, *modified* 305 Or 468, 752 P2d 1210 (1988). Issue preclusion can preclude subsequent litigation even if the initial proceeding was administrative. *Nelson v. Emerald People's Utility Dist.,* 318 Or 99, 103-04, 862 P2d 1293 (1993). Issue preclusion can be based on the constitution, statutes, or common law. The constitutional basis lies in the principle of double jeopardy. That principle does not apply here, however, because no criminal sanctions could have been imposed in the civil suspension proceedings. *State v. Ratliff*, 304 Or 254, 257, 744 P2d 247 (1987). It is unclear to what extent, if any, the trial court relied on the pertinent statutes, ORS 43.130(2) and ORS 43.160. Defendant here, however, does not rely on the statutes to support his argument. Consequently, we do not address their application here.

Accordingly, the focus of this appeal is the applicability of the common-law doctrine of issue preclusion. In *Washington Cty. Police Officers v. Washington Cty.*, 321 Or 430, 900 P2d 483 (1995), the Supreme Court described the scope of the doctrine:

"If one tribunal has decided an issue, the decision on that issue may preclude relitigation of the issue in another proceeding if five requirements are met:

"1. The issue in the two proceedings is identical.

"2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

"3. The party sought to be precluded has had a full and fair opportunity to be heard on that issue.

"4. The party sought to be precluded was a party or was in privity with a party to the prior proceeding.

"5. The prior proceeding was the type of proceeding to which this court will give preclusive effect." *Id.* at 435 (citations omitted).

The state argues that the Supreme Court's decision in *Ratliff* is controlling here. The issue presented in *Ratliff* was whether the decision by a hearings officer, in a license suspension proceeding, holding that the arrest of the defendant was invalid precluded relitigation of that issue in a criminal DUII proceeding. The court concluded that DMV's findings regarding the validity of the stop did not preclude the state from relitigating the issue. The court explained:

"[T]he procedure used at license suspension hearings is expedited and informal. It provides an inadequate basis to justify giving collateral estoppel effect to the decision of the hearings officer in these cases." 304 Or at 259-60.

The court further explained the rationale underlying its conclusion:

"The administrative procedure can impose only limited sanctions and is designed to provide a simple and expeditious decision. A distinct procedure exists in the criminal justice system to determine whether the driver is guilty * * *. The criminal trial is by constitution and statute more formal and hence more cumbersome. If collateral estoppel could be used against the state in the criminal case, the state or the DMV, to protect its position at the subsequent trial, would have to litigate the administrative hearings more extensively. Thus, instead of the short, simple proceeding intended by the legislature, the license suspension hearings could become as long and as fully litigated as a

criminal case. The intent of the legislature presumably was to avoid this." *Id.* at 260 (citation and footnote omitted).[6]

Defendant argues, and the trial court agreed, that the holding in *Ratliff* does not apply in this case, because defendant here is seeking to give preclusive effect to the decision of a *court*, not to an administrative decision as in *Ratliff*. Defendant is correct that the facts in *Ratliff* are distinguishable and that the specific question presented here was not decided. As we will explain, however, the reasoning of *Ratliff* leads us to conclude that the circuit court's holding in the license suspension case does not preclude relitigation of the stop issue in the criminal proceeding.

The decision to which defendant seeks to give preclusive effect here was that of a circuit court. That decision, however, derived from the administrative proceeding and, consequently, suffers from the same deficiencies that the Supreme Court in *Ratliff* found prevented the hearings officer's decision from being given preclusive effect. The circuit court's review of the hearings officer's decision regarding the suspension of defendant's license is *de novo*. However, the court's review of the suspension order is limited to the record of DMV's hearing. ORS 813.450(2). As the Supreme Court explained in *Ratliff*, that record was developed in a proceeding that was, by design, informal and expedited. Because of that, the appeal of the hearings officer's decision in circuit court, which was based on the administrative record, did not provide the state with a full and fair opportunity to litigate this issue. Following the Supreme Court's reasoning in *Ratliff*, if we were to require the state to be bound by the record that is developed in the administrative hearing in a later criminal proceeding on a DUII charge, "the license suspension hearings could become as long and as fully litigated as a criminal case. The intent of the legislature presumably was to avoid this." 304 Or at 260. We conclude that the state was

---

[6] The legislature appears to have acknowledged with approval the reasoning in *Ratliff*. In 1999, the legislature amended ORS 813.410(5) (relating to the scope of an administrative hearing to determine the validity of a suspension of driving privileges) to add the following sentence: "This subsection shall be narrowly construed so as to effect the legislative purpose of limiting the scope of hearings under this section." Or Laws 1999, ch 831, § 2.

not precluded from relitigating the validity of the stop in the criminal proceeding in Deschutes County.

■   Defendant also argues, for the first time on appeal, that the state is not entitled to litigate the validity of the stop in the Deschutes County criminal proceeding, because "[t]he state waived the right to assert that the stop in this case was legally valid when it stipulated in the Douglas County case that judgment should be entered in favor of defendant." The state responds that there is no basis for this court to conclude that the stipulation constituted a waiver of the state's right to assert that the stop was invalid, because the record of the Douglas County proceedings is not part of the record in this case. Consequently, the state contends, we cannot tell what the basis of the stipulation was. The state argues that there could be any number of reasons underlying the state's stipulation in that proceeding, including deficiencies in the administrative record. The state is correct that all that is in the record before this court is the judgment in the Douglas County case, which tells us only that the parties "stipulated that the judgment should be entered in favor of [defendant]."

Defendant replies to the state's argument that the basis of the stipulation is not in the record by pointing out that the state did not preserve this specific argument before the trial court in this case. Alternatively, relying on *State v. McAllister*, 72 Or App 611, 615, 696 P2d 1138 (1985), defendant contends that, even though the record of the Douglas County case is not part of the record on this appeal, this court can examine that record to determine what was necessarily determined in that proceeding.

We conclude that it is unnecessary for us to determine the impact of the absence of the record of the Douglas County case. Even if we did examine the record in the Douglas County proceeding and found that the state stipulated there that the stop of defendant was invalid, the stipulation in that proceeding would not constitute a waiver by the state for purposes of this criminal proceeding. Any stipulation in the Douglas County case was derived from the administrative proceeding. Assuming that the state conceded in the Douglas County proceeding that the stop was invalid, that

concession was based on the facts in the record of the administrative hearing. The facts that could be developed on the record in this criminal proceeding, by contrast, could prove to be quite different. Consequently, any stipulation in the Douglas County proceeding, regardless of its basis, would not foreclose the state from developing a different record in this proceeding and contesting the validity of the stop in that context.

For the above reasons, we hold that the trial court erred in granting defendant's motion to suppress and, accordingly, we reverse and remand.

Reversed and remanded.