Argued and submitted July 3, 2002, reversed and remanded February 5, 2003

## STATE OF OREGON,
*Appellant,*

*v.*

## VINCENT EUGENE NUNNEMAKER,
*Respondent.*

### 005013; A115931

62 P3d 869

Michael J. Slauson, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

The state appeals from a pretrial order that dismissed a charge against defendant of driving while under the influence of intoxicants (DUII), ORS 813.010. The state argues that the trial court erred in concluding that, because defendant had been acquitted of a charge of reckless driving that arose from the same conduct that gave rise to the DUII charge, issue preclusion prevented the state from proceeding to trial against defendant on the DUII charge. We agree with the state and reverse and remand the case for trial.

Defendant was charged by information with reckless driving and DUII. The charges arose from an accident in which defendant lost control of his motorcycle and was thrown to the ground. Defendant entered a diversion agreement on the DUII charge and, after a jury trial, was acquitted on the reckless driving charge. The state argued at the reckless driving trial that defendant's intoxication had caused him to drive recklessly. The jury returned a general verdict for defendant, finding him not guilty of the charge. Defendant later failed to fulfill the requirements of his diversion agreement, so the trial court terminated it. The state thereafter brought defendant to trial on the DUII charge.

Defendant moved to dismiss the DUII charge, arguing that the issue of his intoxication had already been litigated and resolved favorably to him in the reckless driving case. The trial court granted defendant's motion and ruled in a written order as follows:

> "The state argued that the conduct that made him reckless was imbibing to a point of intoxication and then choosing to drive his motorcycle on a public highway, and crashing in a school zone where young children were present. The State concluded their argument with, 'Again, what I'm asking you to do is to look carefully at the evidence to consider all of it, each piece. When you put all of these pieces together you will find that the Defendant was under the influence.' It is this conduct, the act of being under the influence, that made his conduct reckless. Defendant argued that he was not under the influence of intoxicants, but rather lost control due to some rotting apples loose on the pavement in the vicinity of his accident. * * * There was no evidence at trial

of any driving, speed or other indicia of reckless conduct, just the fact [of] an accident occurring, and the observations of the officers of Defendant's condition which in their opinion pointed towards his being under the influence of intoxicants. Since the only issue the jury had to consider was the issue of whether the Defendant's conduct was reckless as the result of being under the influence of intoxicants, the jury had exactly the same issue as a future jury will be asked to consider if the Court does not grant dismissal as requested by Defendant. Clearly, the State of Oregon recognizes collateral estoppel and it is applicable in this case. * * * Here, the only issue to be decided in the Reckless [Driving] prosecution was Defendant's condition for sobriety, the exact same issue in the DUII. Based on these facts, the Court will find that collateral estoppel should and does apply and is a bar to further prosecution in this matter."

We review a trial court's ruling on a motion to dismiss for legal error. *State v. Gehrke-Young*, 134 Or App 256, 259 & n 3, 894 P2d 1239, *rev den,* 321 Or 340 (1995). Issue preclusion operates to prevent the relitigation of a factual issue if the issue was actually or necessarily resolved in a prior proceeding. Here, the jury returned a general verdict on the reckless driving charge, so the jury did not expressly address in its verdict whether defendant was driving under the influence. Consequently, for issue preclusion to apply to bar the state from litigating whether defendant was doing so, defendant must establish that the jury necessarily decided that he was not driving under the influence when it acquitted him of reckless driving.

The state presented evidence at the reckless driving trial from which the jury could have found that defendant was driving under the influence. It also argued to the jury that defendant's alleged intoxication caused him to drive recklessly, that is, that it caused him to disregard a substantial and unjustifiable risk that his driving endangered the safety of people or property. Nevertheless, the jury could have acquitted defendant of the reckless driving charge even if it had found that defendant had driven his motorcycle while he was intoxicated. For example, it could have found that defendant's motorcycle accident (*i.e.*, his alleged reckless driving) was caused by the motorcycle slipping on rotten apples on the road, which was defendant's defense at trial.

Consequently, the jury's decision to acquit defendant of the reckless driving charge did not necessarily establish that he was not guilty of DUII. The trial court therefore erred in granting defendant's motion to dismiss the DUII charge.

Reversed and remanded.