Argued and submitted August 8, reversed and remanded December 27, 2006,
petition for review denied April 10, 2007 (342 Or 633)

## STATE OF OREGON,
*Appellant,*

*v.*

## YEVGENIY ROMANOV,
*Respondent.*

0210-51848; A124556

149 P3d 1224

Kaye E. McDonald, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Erin Galli Rohr argued the cause for respondent. With her on the brief was Chilton, Ebbett & Rohr, LLC.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Maurer, Judge pro tempore.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant was charged with misdemeanor driving under the influence of intoxicants (DUII), ORS 813.010; reckless driving, ORS 811.140; resisting arrest, ORS 162.315; recklessly endangering another person, ORS 163.195; and assault in the fourth degree, ORS 163.160. The state appeals from a pretrial order dismissing the fourth-degree assault charge against defendant. The trial court based its decision on the doctrine of issue preclusion, concluding that, because the court's previous determination that defendant was eligible for a diversion agreement on the DUII charge necessarily included a factual determination that there was no physical injury in the case, the state was precluding from establishing fourth-degree assault. We conclude that the issue in the two proceedings was not identical, and, therefore, that issue preclusion does not apply. Accordingly, we reverse and remand.

The following facts are undisputed. Defendant was initially charged on October 28, 2002, with misdemeanor DUII, reckless driving, resisting arrest, and recklessly endangering another person. On February 14, 2003, the state filed an amended information that added the charge of assault in the fourth degree, naming Officer Robert Brown as the alleged victim. In the meantime, defendant filed a motion for "LATE ENTRY INTO DUII DIVERSION PROGRAM." After several set-overs, a hearing on defendant's motion was held on March 10, 2003. At that time, defendant submitted a petition for DUII diversion and a sworn statement of eligibility. Defendant's sworn statement affirmed, among other things, that

> "[t]he DUII offense described in the attached petition for which I am charged did not involve any deaths or any physical injury to any other person ('physical injury' means impairment of physical condition or substantial pain—ORS 161.015)."

The contents of the hearing are not reflected in the record, but, on the same date, the court granted defendant's petition for diversion and a diversion agreement was signed.[1]

---

[1] Apparently no transcript of the diversion hearing was prepared.

Defendant subsequently completed diversion, and the DUII charge was dismissed. Before trial on the remaining charges, defendant moved to dismiss the charge of assault in the fourth degree, contending that the factual question of whether he had caused physical injury—a fact essential to that charge—had already been resolved favorably to him during the diversion hearing and, therefore, under the principles of issue preclusion, the state was barred from relitigating that question at trial. The state remonstrated that the requirements of issue preclusion were not met, in part, because the issue in the two proceedings was not identical:

> "So basically, even if you find * * * that Judge Cooper found there was [no] physical injury, it only relates to the Driving Under the Influence Offense.
>
> "That is the eligibility requirement to get into Diversion. And the State's position is that the physical injury in this case not only was a result of the Driving Under the Influence, but acts separate from that. [Defendant] accelerated into the garage knowing the officer was on the side of the car and slammed into his garage. That's a separate act than the Driving Under the Influence, so I don't believe it is an identical issue."

The trial court agreed with defendant and dismissed the charge:

> "[T]he court finds that the—there has been a previous hearing held in this same case in which the Court found that the defendant had met its burden of showing that he was eligible for Diversion on the Driving Under the Influence charge in this case.
>
> "And, as part of that, of necessity, the Court had to have made a determination that the defendant had shown that—had met its burden of showing * * * that there was no physical injury in the case. And so, therefore, the State would be precluded from being able to establish a necessary element of the Assault IV charge in the case."

The state appeals from the order dismissing the charge.[2] ORS 138.060(1)(a). We review the trial court's ruling for legal

---

[2] By the same order, the court also granted defendant's motion to exclude certain evidence. The state does not challenge that portion of the court's order.

error. *State v. Nunnemaker*, 186 Or App 194, 197, 62 P3d 869 (2003).

■■ Issue preclusion can prevent, under certain conditions, the relitigation of a factual issue decided in a prior proceeding. *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993); *Nunnemaker*, 186 Or App at 197. It can be based on constitutional principles, common law, or a statute. *State v. Ratliff*, 304 Or 254, 257, 744 P2d 247 (1987). The doctrine applies in criminal cases. *State v. Rogers*, 313 Or 356, 374, 836 P2d 1308 (1992), *cert den*, 507 US 974 (1993) (applying statutory and constitutional issue preclusion principles and noting that ORS 43.160, which has its genesis in common law, applies in criminal cases). Defendant does not contend that the constitutional basis for issue preclusion applies in this case. Nor does he assert a statutory basis for the trial court's decision or argue that the statutory analysis differs from the common-law analysis. Accordingly, we focus our analysis on the applicability of the common-law doctrine of issue preclusion. *See State v. Krueger*, 170 Or App 12, 17, 12 P3d 53 (2000), *rev den*, 332 Or 240 (2001).

■■ Five elements must be satisfied for the common-law doctrine to apply: (1) the issue in the two proceedings must be identical; (2) the issue must have been actually litigated and essential to a final decision on the merits in the prior proceeding; (3) the party sought to be precluded must have had a full and fair opportunity to be heard on the issue; (4) the party sought to be precluded must have been a party or in privity with a party to the prior proceeding; and (5) the prior proceeding must be the type of proceeding to which courts will give preclusive effect. *Nelson*, 318 Or at 104. As the party who sought to apply issue preclusion in this case, defendant had the burden to establish the facts to support the application of the doctrine. *State Farm v. Century Home*, 275 Or 97, 104, 550 P2d 1185 (1976).

The state maintains that issue preclusion does not apply here because the first, second, and fifth *Nelson* requirements have not been satisfied.[3] Our analysis begins

---

[3] As a preliminary matter, the state also argues that, under *Hayes Oyster Co. v. Dulcich*, 199 Or App 43, 50, 110 P3d 615, *rev den*, 339 Or 544 (2005), and *Westwood Construction Co. v. Hallmark Inns*, 182 Or App 624, 631-32, 50 P3d 238,

and ends with the first prerequisite, that is, whether the DUII diversion hearing and the prosecution for fourth-degree assault involve identical issues.

The state argues that the issue to be determined with regard to the assault charge is much broader than the issue resolved during the diversion hearing. According to the state,

"Because the trial court could find that defendant's DUII *offense* did not involve a physical injury *without* finding that defendant did not injure someone else *after* his DUII offense (part of the state's theory in this case), the 'physical injury' issue in the assault case was not necessarily decided, and issue preclusion does not apply."

(Emphasis in original.)

Defendant counters that the sole consideration in both proceedings is whether he caused physical injury. Although defendant concedes that it is possible for a physical injury to occur *after* the completion of a DUII offense such that a prior ruling finding a defendant eligible for diversion would have no bearing on an assault charge, here, defendant contends, "the alleged injury happened while defendant was driving under the influence" and therefore the issue in the two proceedings is identical.

To resolve the parties' disagreement, we must determine the issue involved in each proceeding. We begin with the diversion proceeding. Under a diversion agreement, a defendant pleads guilty and participates in court-ordered treatment in exchange for the court suspending entry of a judgment of conviction. ORS 813.200; ORS 813.230.[4] On successfully completing the program, a defendant may have the DUII charge dismissed. ORS 813.250. Any defendant charged with DUII can petition the court for a diversion agreement; however, the defendant must establish that he or she meets the eligibility requirements of ORS 813.215. *State*

---

*rev den*, 335 Or 42 (2002), the principles of issue preclusion do not apply because the two proceedings arose as part of the same case. We need not reach that argument in light of our conclusion concerning the nature of the issues.

    [4] Although some of the statutes governing diversion, ORS 813.200 through 813.270, were amended in 2003 and 2005, those amendments do not affect our analysis here. Accordingly, we refer to the current versions of the statutes throughout this opinion.

*v. Wright*, 204 Or App 724, 726, 131 P3d 838 (2006). One of those requirements is as follows:

"(9)   The present driving while under the influence of intoxicants offense did not involve an accident resulting in:

"* * * * *

"(b)   Physical injury as defined in ORS 161.015 to any person other than the defendant."

ORS 813.215. Once a defendant establishes eligibility, whether or not to allow diversion is left to the discretion of the trial court. ORS 813.220; *Wright*, 204 Or App at 726.

Here, defendant petitioned for a diversion agreement, and the trial court allowed it. Thus, the trial court necessarily determined that defendant met the statutory eligibility requirements, including the requirement that defendant's DUII offense did not involve an accident resulting in physical injury. Although it is correct, therefore, that the court determined an issue of "physical injury," that determination was limited in scope. Specifically, the court found only that no physical injury to another person had occurred during the course of defendant's DUII offense.

The "physical injury" issue to be determined in a prosecution for fourth-degree assault, on the other hand, is not so limited. A person commits fourth-degree assault if the person does the following:

"(a)   Intentionally, knowingly or recklessly causes physical injury to another; or

"(b)   With criminal negligence causes physical injury to another by means of a deadly weapon."

ORS 163.160(1). Thus, the inquiry for fourth-degree assault purposes is not whether defendant's *DUII offense* involved physical injury to another person, but whether *any* of defendant's conduct caused physical injury to another person.

The difference in the two issues is stark in this case. The scope of defendant's DUII offense is defined by ORS 813.010(4):

"Except as provided in subsection (5) of this section, the offense described in this section, driving while under the influence of intoxicants, is a class A misdemeanor and is applicable upon any premises open to the public."[5]

---

[5] Subsection (5) of ORS 813.010 outlines the circumstances under which the offense is punishable as a Class C felony and is irrelevant to our analysis.

Such premises include "any premises open to the general public for the use of motor vehicles, whether the premises are publicly or privately owned and whether or not a fee is charged for the use of the premises." ORS 801.400. Stated in the negative, the offense of DUII is *not* applicable on premises *not* open to the public for the use of motor vehicles. Whether premises are open to the public depends on the surrounding circumstances. *State v. Sterling*, 196 Or App 626, 630-31, 103 P3d 1162 (2004) (key evidentiary fact that the state has to prove is that members of the public are allowed on the premises); *State v. Baehr*, 85 Or App 155, 158, 735 P2d 1275 (1987) (driveway of a private home not "premises open to the public" where the state failed to present any evidence in that regard).

The theory of the state's case on the assault charge, however, is that the alleged physical injury occurred when defendant "accelerated into the garage knowing the officer was on the side of the car and slammed into his garage." Because defendant's garage is not "open to the general public for the use of motor vehicles," the alleged physical injury was not, by definition, part of defendant's DUII offense. Consequently, the court's earlier determination that defendant's DUII offense did not involve physical injury does not establish that defendant did not cause physical injury for the purposes of the fourth-degree assault charge. For that reason, we conclude that the issues are not identical.

In sum, the doctrine of issue preclusion does not operate to bar prosecution of defendant for fourth-degree assault based on the court's earlier determination that defendant's DUII offense did not involve an accident resulting in physical injury. The trial court therefore erred in granting defendant's motion to dismiss the assault charge on that basis.

Reversed and remanded.