**Daryl Ray HOUSTON, Plaintiff—Appellant,**

v.

**CITY OF COQUILLE, et al., Defendants—Appellees.**

No. 08–35037.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2009.

Filed July 7, 2009.

Manuel C. Hernandez, Hernandez and Associates, LLC, Bandon, OR, for Plaintiff–Appellant.

Bruce L. Mowery, Salem, OR, for Defendants–Appellees.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: W. FLETCHER, BEA and IKUTA, Circuit Judges.

### MEMORANDUM *

We affirm on the ground Houston's claims are barred by collateral estoppel. The validity of Officer Bryant's stop and subsequent arrest of Houston was actually litigated and necessarily decided in a contested case hearing before the Oregon Department of Motor Vehicles. *See Cole v. DMV,* 336 Or. 565, 87 P.3d 1120, 1131 (2004). Though a DMV contested case hearing does have not collateral estoppel effect against the state in criminal proceedings, *State v. Ratliff,* 304 Or. 254, 259–60, 744 P.2d 247, 250 (1987), administrative license revocation proceedings may have such effect in subsequent civil litigation, *see Skeen v. Dep't of Human Res.,* 171 Or.App. 557, 17 P.3d 526 (2000). The contested case hearing offered Houston a full and fair opportunity to present his case—he was represented by counsel, had an opportunity for judicial review, testified on his own behalf, cross-examined witnesses against him, and he had every incentive to litigate the case to a successful conclusion—and was sufficiently formal to be accorded collateral estoppel effect. The Oregon DMV's adverse determination bars this action.

AFFIRMED.

Judge IKUTA, concurring:

I concur, but write separately because I disagree that Houston's claims are barred by collateral estoppel. The preclusive effect of a state court judgment in a federal proceeding is governed by state law. *Intel Corp. v. Advanced Micro Devices, Inc.,* 12

F.3d 908, 914–15 (9th Cir.1993), *cert. denied,* 512 U.S. 1205, 114 S.Ct. 2675, 129 L.Ed.2d 810 (1994); *see also* 28 U.S.C. § 1738. The Oregon Supreme Court has stated that a DMV proceeding lacks preclusive effect. *See State v. Ratliff,* 304 Or. 254, 259–60, 744 P.2d 247, 250 (1987) ("[T]he procedure used at license suspension hearings is expedited and informal. It provides an inadequate basis to justify giving collateral estoppel effect to the decision of the hearings officer in these cases."); *see also Chavez v. Boise Cascade Corp.,* 307 Or. 632, 772 P.2d 409, 410 (1989) (characterizing *Ratliff* as holding that the "motor vehicle department's license suspension procedure too informal for preclusive effect."); *State v. Krueger,* 170 Or. App. 12, 12 P.3d 53, 56–57 (2000). Because Oregon courts have not held that this preclusive effect is applicable only to the state and only in criminal proceedings, we should not do so.

Nevertheless, even resolving all factual disputes in favor of the plaintiff, Bryant had a reasonable suspicion for the stop based on his determination that the license plate light was out. I therefore concur in the decision to affirm the district court's grant of summary judgment.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.