**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADALBERTO FLORES-HARO; ALMA GRANADOS-MILLAN; J. I., a minor; Y. I., a minor; T. F., a minor; TI. F., a minor; DANIEL IBARRA, | No.    16-35055 |
| | D.C. No. 3:12-cv-01616-MO |
| Plaintiffs-Appellees, | |
| | MEMORANDUM[*] |
| v. | |
| STEPHEN SLADE, an individual; CITY OF HILLSBORO, | |
| Defendants-Appellants, | |
| and | |
| BRIAN MCLEOD, an individual; WASHINGTON COUNTY, | |
| Defendants. | |

| | |
|---|---|
| ADALBERTO FLORES-HARO; ALMA GRANADOS-MILLAN; J. I., a minor; Y. I., a minor; T. F., a minor; TI. F., a minor; DANIEL IBARRA, | No.    16-35056 |
| | D.C. No. 3:12-cv-01616-MO |
| Plaintiffs-Appellees, | |

---

    [*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

STEPHEN SLADE, an individual; CITY
OF HILLSBORO,

        Defendants,

   and

BRIAN MCLEOD, an individual;
WASHINGTON COUNTY,

        Defendants-Appellants.

---

ADALBERTO FLORES-HARO; ALMA
GRANADOS-MILLAN; J. I., a minor; Y.
I., a minor; T. F., a minor; TI. F., a minor;
DANIEL IBARRA,

        Plaintiffs-Appellees,

   v.

BRIAN MCLEOD, an individual;
WASHINGTON COUNTY,

        Defendants-Appellants,

   and

STEPHEN SLADE, an individual; CITY
OF HILLSBORO,

        Defendants.

No.   16-35421

D.C. No. 3:12-cv-01616-MO

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Argued and Submitted March 6, 2017
Portland, Oregon

Before: FISHER and FRIEDLAND, Circuit Judges, and MAHAN, District Judge.[**]

Brian McLeod, Stephen Slade, Washington County and the City of Hillsboro (Defendants) bring this interlocutorily appeal of the district court's order denying them summary judgment on grounds of qualified immunity, the *Heck* doctrine and issue preclusion. We have jurisdiction under 28 U.S.C. §§ 1291, 1292(b), and we affirm in part, reverse in part and remand.

We review de novo the denial of summary judgment, *see Knox v. Sw. Airlines*, 124 F.3d 1103, 1105 (9th Cir. 1997), and we view the evidence in the light most favorable to the non-moving party, *see Garcia v. Cty. of Merced*, 639 F.3d 1206, 1208 (9th Cir. 2011).

Because the parties know the facts, we summarize them only briefly. Unbeknownst to Adalberto Flores-Haro, law enforcement officers planned to execute a search and arrest warrant in his neighborhood and took up positions on and around his property. The target of the warrant resided next door. Defendant officers shot Flores-Haro multiple times after he confronted the shadowy figures he

3

saw circling his home. Flores-Haro was armed when he was shot, but viewing the evidence in the light most favorable to him, he never pointed his gun at the officers or fired it.

Based on this encounter, Flores-Haro pled no contest in state court to menacing and reckless endangerment. The state court accepted Flores-Haro's no contest plea after hearing the prosecution's "factual basis" statement, which asserted Flores-Haro pointed his gun at the officers and fired it. *See* Or. Rev. Stat. § 135.395 ("After accepting a plea of guilty or no contest, the court shall not enter a judgment without making such inquiry as may satisfy the court that there is a factual basis for the plea."). The no contest plea did not require Flores-Haro to stipulate to the prosecutor's proffered factual basis.

In a separate civil suit in federal court, Flores-Haro alleged the officers used excessive force in violation of his Fourth Amendment rights when they shot him. Flores-Haro also brought state law claims for battery, negligence and intentional infliction of emotional distress.

## I.

We agree with the Defendants that the officers are entitled to qualified immunity. In determining whether qualified immunity applies, "we consider (1) whether there has been a violation of a constitutional right; and (2) whether that

4

right was clearly established at the time of the officer's alleged misconduct." *C.V. v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (quoting *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014)).

Even assuming the officers violated the Constitution when they shot Flores-Haro, this constitutional violation was not "clearly established" at the time of the shooting. A clearly established right is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012)). Although it is well settled that using excessive force violates the Fourth Amendment, *see Graham v. Connor*, 490 U.S. 386 (1989); *Tennessee v. Garner*, 471 U.S. 1 (1985), general statements of the law do not by themselves create clearly established law outside "an obvious case," *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) (per curiam)). Instead, the "the clearly established law must be 'particularized' to the facts of the case." *White*, 137 S. Ct. at 552 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

We find no precedent establishing that the officers' alleged conduct under the particular circumstances they confronted was unreasonable "beyond debate." *City & Cty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (quoting

5

*Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).  Nor is this a case in which a constitutional violation is "obvious."  The Defendants are thus entitled to qualified immunity as to Flores-Haro's § 1983 claim for excessive force.[1]

**II.**

The Defendants contend Flores-Haro's state law claims are barred by issue preclusion.  We disagree.

Under Oregon law, issue preclusion applies when five elements are satisfied:

(1) the issue in the two proceedings must be identical; (2) the issue must have been actually litigated and essential to a final decision on the merits in the prior proceeding; (3) the party sought to be precluded must have had a full and fair opportunity to be heard on the issue; (4) the party sought to be precluded must have been a party or in privity with a party to the prior proceeding; and (5) the prior proceeding must be the type of proceeding to which courts will give preclusive effect.

*State v. Romanov*, 149 P.3d 1224, 1227 (Or. Ct. App. 2006) (citing *Nelson v. Emerald People's Util. Dist.*, 862 P.2d 1293, 1296-97 (Or. 1993)).

Even assuming no contest pleas can have preclusive effect, the Defendants' argument fails because the requirement that the issue be "essential to a final

---

[1] Because Flores-Haro's Section 1983 claim is barred by qualified immunity, we need not address the Defendants' alternative argument that the claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  We also decline to extend *Heck*'s reach to Oregon state law claims in the absence of any indication of the doctrine's adoption by Oregon courts.  *Cf. Yount v. City of Sacramento*, 183 P.3d 471, 484 (Cal. 2008) (concluding *Heck* "applies equally" to tort claims under California law).

decision on the merits" is not satisfied in this case.[2] Here, the issue upon which the Defendants seek preclusion – that the officers were placed in imminent fear of serious physical injury – was not "essential" to the final decision – the plea and the resulting convictions. Neither menacing nor reckless endangerment requires that the victim be placed in fear of serious physical injury. Menacing includes an *attempt* to place another person in fear of imminent serious physical injury. *See* Or. Rev. Stat. § 163.190. Similarly, reckless endangerment encompasses conduct that does not actually put another person in danger. *See State v. Harbert*, 963 P.2d 710, 712 (Or. Ct. App. 1998) (reckless endangerment covers "*potential risks* as well as cases where a specific person is within the zone of danger" (emphasis added) (internal quotation marks omitted)). Thus, Flores-Haro's state law claims are not precluded because the issue whether the officers were placed in imminent fear of serious physical injury was not "essential to a final decision."

**AFFIRMED IN PART, REVERSED IN PART and REMANDED**. Each party shall bear its own costs on appeal.

Defendants' Motion for Certification (Dkt. 55) is **DENIED AS MOOT**.

_____

[2] We do not reach whether issues raised in the factual basis of a no contest plea – or the material elements of convictions resulting from that plea – are "actually litigated."