**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONALD DOYLE,

        Plaintiff-Appellant,

v.

CITY OF MEDFORD; PATRICK
DENNIS, Officer, #873; PAUL
MELLGREN, Officer, #874,

        Defendants-Appellees.

No.   17-35738

D.C. No. 1:16-cv-01376-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted November 8, 2018[**]
Portland, Oregon

Before: TALLMAN and IKUTA, Circuit Judges, and BOUGH,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

Ronald Doyle appeals the district court's grant of summary judgment for defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The finding of the administrative law judge for the Oregon Department of Motor Vehicles that Officer Mellgren lacked probable cause to arrest Doyle is not entitled to preclusive effect under Oregon law. *See State v. Ratliff*, 744 P.2d 247, 249 (Or. 1987) (en banc).

Officer Mellgren's observations that the odor of alcohol emanated from Doyle or the vehicle, that Doyle had bloodshot, watery eyes, and that Doyle exhibited slurred speech, combined with Doyle's bizarre and disruptive roadside behavior, were sufficient for a reasonable officer, relying on his experience and training, to conclude that Doyle had been driving under the influence of alcohol. *See Schmerber v. California*, 384 U.S. 757, 768–69 (1966); *Hart v. Parks*, 450 F.3d 1059, 1067 (9th Cir. 2006). Nor did Officer Mellgren's probable cause dissipate during Doyle's detention because no new facts indicated that there was a less than fair probability that Doyle had committed a crime. *United States v. Lopez*, 482 F.3d 1067, 1073 (9th Cir. 2007). Doyle's low BAC reading, and his normal behavior at the police station, were consistent with the use of intoxicants that rapidly dissipate in the body, and therefore did not establish that he had been sober at the time of the arrest. *See id.* Because there is no genuine issue of

material fact that Officer Mellgren had probable cause to arrest Doyle and to continue the arrest, the defendants were entitled to summary judgment on Doyle's false arrest claim. *See Franklin v. Fox*, 312 F.3d 423, 439 (9th Cir. 2002).

Defendants were entitled to summary judgment on Doyle's judicial deception claim because Doyle failed to show that Mellgren made a false statement or a material omission in his probable cause affidavit. *Ewing v. City of Stockton*, 588 F.3d 1218, 1223–24 (9th Cir. 2009). Mellgren's statement that he had probable cause to arrest Doyle, was not a misstatement. In addition, none of the alleged omissions was "material to the finding of probable cause," *id.* at 1223 (quoting *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004)), and nothing in the record indicates that any alleged omissions were made intentionally or recklessly.

Summary judgment for defendants was likewise proper on Doyle's state law false imprisonment claim because there was probable cause under Oregon law for the arrest, and that probable cause did not dissipate. *See Gigler v. City of Klamath Falls*, 537 P.2d 121, 125–26 (Or. Ct. App. 1975). Mellgren had objective probable cause to arrest Doyle where he left a tavern, committed a traffic infraction, and presented bloodshot eyes and a strong odor of alcohol upon being stopped. *State v. Gilmour*, 901 P.2d 894, 895–96 (Or. Ct. App. 1995). Mellgren also had subjective

probable cause, *id.*, because there is no evidence that he relinquished his belief that

Doyle had been impaired at the time of arrest.

**AFFIRMED.**